EVANS *v.* UNITED STATES RUBBER COMPANY.

1. APPEAL AND ERROR—WORKMEN'S COMPENSATION—RIGHT OF AP-
PEAL.
    Decisions of workmen's compensation appeal board are not ap-
    pealable to the Court of Appeals as a matter of right, but
    only upon application and leave granted (Const 1963, art 6,
    § 28; GCR 1963, 806.2[2]).

2. SAME—RIGHT OF APPEAL—CONSTITUTIONAL LAW—STATUTES—
COURT RULES.
    Constitutional provision to the effect that rulings of administra-
    tive agency "shall be subject to direct review by the courts

---

REFERENCES FOR POINTS IN HEADNOTES
[1–3] 58 Am Jur, Workmen's Compensation § 522 *et seq.*
[4, 5] 58 Am Jur, Workmen's Compensation §§ 284, 285.

as provided by law" does not give litigants appeal to the Court of Appeals as a matter of right, in view of absence of such right delineated in statute setting forth procedure of appeal from inferior courts and in view of court rule requiring leave on appeal from administrative agencies (Const 1963, art 6, § 28; PA 1961, No 236, §§ 308, 309, as added by PA 1964, No 231; GCR 1963, 806.2[2]).

3. SAME—WORKMEN'S COMPENSATION—DENIAL OF LEAVE TO APPEAL.
   Court of Appeals may deny leave to appeal from an order of the workmen's compensation appeal board upon determination that evidence supports its finding of fact (Const 1963, art 6, § 28; GCR 1963, 806.2[2]).

4. WORKMEN'S COMPENSATION—COMMON LABOR—PREFERRED WORK.
   Injured employee who had worked at heavy common labor, could no longer stand its strain, and took regularly recognized job which did not demand as much physical exertion, from which job he was forced to retire at age 65 because of compulsory retirement clause in union-company contract *held*, entitled to workmen's compensation.

5. SAME—COMMON LABOR—WAGE EARNING CAPACITY—FAVORED EMPLOYMENT.
   Injured employee was entitled to workmen's compensation where he had residuals of an injury sustained in his employment at common labor that prevented him from competing with able-bodied workmen in the market for common labor, the fact that he took favored employment in a regularly recognized job involving less physical exertion not establishing, as a matter of law, a wage earning capacity in common labor, the work-connected injury having caused the loss of wages.

Appeal from Court of Appeals and Workmen's Compensation Appeal Board. Submitted January 5, 1967. (Calendar No. 2, Docket No. 51,475.) Decided October 2, 1967. Rehearing denied November 6, 1967. Reconsideration denied December 21, 1967.

Claim by Joseph Evans against United States Rubber Company for workmen's compensation, granted by hearing referee, denied by workmen's compensation appeal board. Leave to appeal denied by Court of Appeals. Leave to appeal granted by

Supreme Court. Reversed and remanded for entry of award for compensation.

*Zwerdling, Miller, Klimist & Maurer (Bruce A. Miller* and *Norton J. Cohen,* of counsel), for plaintiff.

*Lacey & Jones (E. R. Whinham, Jr.,* of counsel), for defendant.

*Amicus Curiae:*

*Stephen I. Schlossberg, John A. Fillion, Bernard F. Ashe, Jordan Rossen* and *Michael S. Friedman,* for United Auto Workers.

Dethmers, C. J. This is a workmen's compensation case. Two questions are presented. (1) Is plaintiff, pursuant to the provisions of article 6, § 28, Michigan Constitution of 1963, entitled to an appeal as of right to the Court of Appeals from the decision of the workmen's compensation appeal board? (2) When plaintiff employee sustained a physical injury arising out of and in the course of his employment at common labor and, after a 5-month layoff and treatment because of such injury, returned to work for the same employer, but was physically unable to perform the common labor he was performing at time of injury and, consequently, was given much lighter work in which he continued for 16 months until forced to retire at age 65 due to the compulsory retirement clause in a union-company collective bargaining agreement, was his subsequent wage loss compensable as due to disability because of his injury?

The majority of the workmen's compensation appeal board, in a split decision, answered the sec-

ond question by holding that plaintiff's wage loss after retirement was not due to his injury but to the mandatory retirement at age 65 under the union contract.

The Court of Appeals denied application for leave to appeal on the ground that there was sufficient evidence to support the finding of the appeal board that plaintiff had suffered no loss of wage-earning capacity as a result of his injury. From the latter we granted leave to take this appeal.

While determination of the first question relating to appeal to the Court of Appeals as of right from the appeal board might not appear necessary in this case because plaintiff is, at all events, having his case reviewed on the merits in this case on leave granted and, although plaintiff did not raise the question in the Court of Appeals but sought appeal there by application for leave, nevertheless the frequency with which the question has been raised, though not decided, in other matters here, suggests that this Court ought now to indicate its view on this question.

The Michigan Constitution of 1963, art 6, § 28, provides:

"All final decisions, findings, rulings and orders of any administrative officer or agency existing under the constitution or by law, which are judicial or quasi-judicial and affect private rights or licenses, shall be subject to direct review by the courts as provided by law. This review shall include, as a minimum, the determination whether such final decisions, findings, rulings and orders are authorized by law; and, in cases in which a hearing is required, whether the same are supported by competent, material and substantial evidence on the whole record. Findings of fact in workmen's compensation proceedings shall be conclusive in the absence of fraud unless otherwise provided by law."

We do not read the above language, "shall be subject to direct review by the courts as provided by law", to mean that in each such case review shall be compulsory or as of right upon its being invoked by either party but only that review shall be had when, in the exercise of judicial judgment and discretion, the court shall, on application, so determine, or when so provided by law. No statute provides for such appeal as of right. GCR 1963, 806.2(2), requires leave to appeal to the Court of Appeals from administrative agencies.

When framers of the Constitution sought to provide for appeal as of right in criminal cases they encountered no difficulty in making the requirement clear and left no cloud of doubt on the subject requiring construction of constitutional language. The plain and unmistakable intent of the Constitution's framers in that regard is expressed in article 1, § 20, as follows:

"In every criminal prosecution, the accused shall have the right   *   *   *   to have an appeal as a matter of right."

In article 6, § 10, it is provided that the jurisdiction of the Court of Appeals shall be provided by law. There is no provision in the Constitution for appeals as of right from the courts in any civil matter. Nothing appears to indicate that article 6, § 28, gives decisions of the appeal board a higher preferred status as to appealability than is given to civil matters in the courts of law. The statute (PA 1961, No 236, §§ 308, 309, as added by PA 1964, No 281 [CL 1948, §§ 600.308, 600.309, Stat Ann 1965 Cum Supp §§ 27A.308, 27A.309]) provides for appeals as of right in civil matters in the courts. It does not do so with respect to decisions of the administrative agencies. The rule of this Court requires application for leave to appeal in the latter

and we find nothing in it contrary to constitutional requirements.

Plaintiff quotes from *Milk Marketing Board* v. *Johnson,* 295 Mich 644, 654, to the effect that this Court has held under the workmen's compensation law that this Court will examine the record to determine whether there is any evidence to sustain the findings made by the department of labor and industry, and submits that this requirement cannot be met without an appeal as of right. That was not a workmen's compensation case. In the same volume appear the reports of several cases which were, and, as observation will disclose, the cases were all here on leave granted. The rules then in effect, Michigan Court Rules (1945), No 60, § 6(a), so required at the time the Court so spoke in *Milk Marketing Board* v. *Johnson, supra,* and such was the requirement with respect thereto before and ever since. The quotation from the case does not support plaintiff's contention here, but states only what test this Court applies to the department or appeal board's findings of facts, and this the Court of Appeals did in the instant case as appears from its order, reading:

"It is ordered that the application for leave to appeal be, and the same is hereby denied for the reason that there is sufficient evidence in the record to support the finding."

While we do not consider the board's action to constitute a finding of facts, the Court of Appeals apparently did.

Plaintiff urges that the language in Michigan Constitution of 1963, art 6, § 28, that final decisions of an administrative officer or agency shall be subject to *direct* review by the courts and that this shall include, as a minimum, a determination of whether such decisions are authorized by law and supported

by the evidence, compels the conclusion that appeal shall be as of right, because (1) it calls for a complete hearing on appeal, (2) consideration only of the question whether leave to appeal should be granted is not a direct appeal, (3) whether the decision of the board is authorized by law is not thus determined, (4) the mentioned required minimum is not thus observed, and (5) whether the fact finding is supported by evidence is not thus decided. We disagree. The board has authority to grant or deny compensation. Its order denied it. The Court of Appeals, in denying the appeal, found that the evidence supported its finding. Constitutional requirements were duly observed.

For years plaintiff had been employed by defendant at heavy common labor. On October 17, 1960, he was accidentally injured on that job. Resulting disability caused about a 5-month layoff from work. He was returned then to his former job, but his disability rendered him unable to perform it. Consequently, he was given much lighter, favored work. The majority of the appeal board said of this job that "basically this was a sit-down job". By reason of seniority he had the right, under the union contract, to bump the fellow worker who had had that job and take it for himself. This he did. He continued in the latter, at substantially the same pay as received before injury, until July 26, 1962, when, having reached age 65, he was forced to retire due to the provisions of a compulsory retirement clause in a union-company collective bargaining agreement. Plaintiff seeks compensation for the period following his retirement as hereinbefore noted. This was denied by the appeal board, application for leave to appeal therefrom was denied by the Court of Appeals, and now it is here on leave granted.

We hold that plaintiff is entitled to compensation.

The majority opinion of the appeal board states that plaintiff's original job had been "a man's job", that after his injury "he could not take it" and, hence, exercised his seniority right to bump his co-worker for what it found was basically a sit-down job. Then it goes on to say:

"If the facts were otherwise, such as the plaintiff having been working only at made or nondescript work up to retirement, his right to further benefits based upon disability would not be open to question."

In effect, the opinion thus states that plaintiff was no longer able to do ordinary common labor, that he has residuals of an injury which prevent him from competing with able-bodied workers in the market for common labor. Two dissenting members of the board also so found. The record supports such finding.

It appears to have been the opinion of the majority of the board, however, that plaintiff could not be said to have been working after his injury "only at made or nondescript work" such as to entitle him to compensation after its termination if he then could not do other common labor, because the lighter work he had been doing was a regularly recognized job which existed and had been done regularly by others before and after plaintiff did it. So the opinion was that plaintiff had not actually been engaged in favored employment which establishes no wage-earning capacity in common labor, that he had engaged in regular work after injury and established a wage-earning capacity in a recognized common labor occupation, and that that fact defeats his claim of compensable disability.

Defendant contends that the board has found that plaintiff has a wage-earning capacity in common labor, that this is a finding of fact, that it is supported

by evidence of facts and, hence, this Court will not disturb it. The board did find and state in its opinion, however, with respect to plaintiff's work before injury, "that this was a man's job is not open to question", that the work he did after injury was "basically * * * a sit-down job". The evidence makes it clear that plaintiff could not, after injury, do ordinary common labor. The board did not find that he could. So far from making a finding of such ability, what the board did was not to make a finding of fact of no disability but, rather, to come to the legal conclusion that the favored work performed by plaintiff established a wage-earning capacity in common labor. With that we disagree.

The defendant makes the following admissions in its brief filed before the workmen's compensation appeal board:

"There is no argument that plaintiff's work assignment upon his return to work on March 20, 1961, was favored due to his alleged inability to do his regular job.

"We are mindful of the maxim and rule of law that an injured employee's capacity to earn wages in common labor cannot be measured by his prior ability to earn wages in favored employment."

In our opinion, performance of favored work no more establishes wage-earning capacity in common labor if there be several such jobs in the plant performed as well by able-bodied as by injured men than it would if created only to take care of plaintiff's specific, injured condition. To hold or find, in effect, as the majority of the board did, that performance of the work which plaintiff did after injury, would not have established a wage-earning capacity for plaintiff had it not theretofore or, perhaps thereafter, been done by others, but did so establish because it was theretofore being done by

another, is not a finding of fact but of law. With it we do not agree. The plain fact is that, as in effect found in the above quoted excerpt from the majority opinion, plaintiff, because of his injury, cannot now compete with able-bodied workers in the market for common labor. Yet that market, of which he long had been a part, was the only one in which, before injury, he could compete. Plaintiff as a matter of law was shown as suffering from a work-connected injury which caused the loss of wages claimed by him.

Reversed and remanded for entry of award to plaintiff. Costs to plaintiff.

KELLY, BLACK, T. M. KAVANAGH, SOURIS, O'HARA, ADAMS, and BRENNAN, JJ., concurred.