FISHER-NEW CENTER COMPANY *v.*
STATE TAX COMMISSION.
ON REHEARING.
OPINION OF THE COURT.

1. ADMINISTRATIVE LAW AND PROCEDURE — ADMINISTRATIVE PROCE-
   DURES ACT — STATE TAX COMMISSION.

   The provisions of the administrative procedures act apply to
   proceedings before the State tax commission; thus, State tax
   commission's findings and decisions must be supported by
   competent, material, and substantial evidence on the whole
   record (Const 1963, art 6, § 28; CLS 1961, § 24.108).

2. TAXATION — ASSESSMENT — STATE TAX COMMISSION — ERROR OF
   LAW — WRONG PRINCIPLES.

   Assessment of plaintiff's property by State tax commission was
   reversible because of error of law and adoption of wrong
   principles where it was unsupported by substantial evidence
   in view of the entire record.

DISSENTING OPINION.
T. M. KAVANAGH and ADAMS, JJ.

3. TAXATION—STATE TAX COMMISSION—TRUE CASH VALUE.

   *Determination by State tax commission as to true cash value
   of taxpayer's property is affirmed on rehearing in case where
   application of the reproduction cost less depreciation and
   obsolescence and capitalization of income methods by com-
   mission staff appraisers was not shown to have involved fraud,
   error of law, or the application of wrong principles, and where
   there was evidence to support commission findings.*

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 2 Am Jur 2d, Administrative Law §§ 202, 203.
[2] 51 Am Jur, Taxation § 654.
[3] 51 Am Jur, Taxation § 770 *et seq.*

Appeal from State Tax Commission. Submitted June 7, 1967. (Calendar No. 4, Docket No. 51,603.) Decided April 1, 1968. Submitted on rehearing November 13, 1968. (Calendar No. 7, Docket No. 51,603.) Decided on rehearing May 5, 1969. Rehearing denied July 31, 1969.

Fisher-New Center Company, a Michigan corporation, taxpayer, appealed its property tax assessments by defendant City of Detroit for the years 1963, 1964, and 1965 to the State Tax Commission. Order entered by State Tax Commission fixing the assessment of Fisher-New Center Company property. Taxpayer appealed to the Court of Appeals, and the City of Detroit cross-appealed, both by leave granted. Taxpayer appeals, and City of Detroit cross-appeals to the Supreme Court by leave granted before decision by Court of Appeals, pursuant to GCR 1963, 852. Reversed and remanded on rehearing.

*Honigman, Miller, Schwartz & Cohn,* and *David M. Miro* (*Jason L. Honigman* and *John Sklar,* of counsel), for Fisher-New Center Company.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William D. Dexter* and *Richard R. Roesch,* Assistant Attorneys General, for State Tax Commission.

*Robert Reese,* Corporation Counsel, and *Julius C. Pliskow* and *Arthur Yim,* Assistant Corporation Counsel, for City of Detroit.

ON REHEARING.

DETHMERS, J. Upon this rehearing I remain persuaded, as I was when I joined in the opinion of Mr. Justice SOURIS on the original hearing, reported at 380 Mich 340, 371, that he was right in holding that

the administrative procedures act* is applicable to
State tax commission proceedings notwithstanding
*Dossin's Food Products, Inc., v. State Tax Commission* (1960), 360 Mich 312; that the act requires more
than "any evidence" or a "scintilla" to sustain findings of fact made by administrative agencies, including the State tax commission, when such findings
are subjected to judicial review; that the act and
Const 1963, art 6, § 28, require that such agency
findings and decisions must be supported by competent, material, and substantial evidence on the
whole record; that application of such requirements
to the record of proceedings before the State tax
commission in this case, as outlined and discussed in
the SOURIS opinion, reveals that the commission findings are not supported by competent, material, and
substantial evidence, are unsupported by substantial evidence in view of the entire record as submitted, and are contrary to the overwhelming weight
of the evidence; that this constitutes an error of
law; that such error presents a question for judicial
determination and, upon judicial review, the constitutional grounds and requirement for reversal, under
Const 1963, art 6, § 28, namely, error of law and
adoption of wrong principles.

Accordingly, I would conclude this opinion in the
concluding language of the SOURIS opinion, as follows (pp 388, 389):

"I agree with Justice ADAMS' opinion regarding
the city of Detroit's cross-appeal.

"For the reasons set forth above, I would reverse
and remand for the purpose of recomputing the valuation and assessment of taxpayer's property at a
capitalization rate within the range established by
the competent evidence in this record as discussed

---

* CLS 1961, § 24.101 *et seq.* (Stat Ann 1961 Rev § 3.560[21.1]
*et seq.*).

in part II of this opinion. I would also assess costs in favor of the taxpayer."

T. E. BRENNAN, C. J., and KELLY, and BLACK, JJ., concurred with DETHMERS, J.

T. M. KAVANAGH, J. (*dissenting*). In this cause rehearing was granted May 6, 1968, Justices T. M. KAVANAGH, ADAMS, and T. E. BRENNAN dissenting. For the reasons set forth in the majority opinion of this Court in *Fisher-New Center Company* v. *State Tax Commission* (1968), 380 Mich 340, and in the opinion in *Allied Supermarkets, Inc.,* v. *State Tax Commission* (1969), 381 Mich 693, we should affirm, on rehearing, the decision of the State tax commission both as to appeal and cross-appeal.

The State tax commission should have costs of rehearing.

ADAMS, J., concurred with T. M. KAVANAGH, J.

T. G. KAVANAGH, J., took no part in the decision of this case.