OWENS v ACTIVE METAL CO

1. WORKMEN'S COMPENSATION—FINAL ORDERS—APPEAL AND ERROR—JURISDICTION.

The Court of Appeals has exclusive original jurisdiction to review final orders of the Workmen's Compensation Appeal Board; this review fully satisfies the requirement of direct review by the courts as guaranteed by the Michigan Constitution (Const 1963, art 6, § 28; MCLA 418.861).

2. WORKMEN'S COMPENSATION—FINAL ORDERS—APPEAL AND ERROR—JURISDICTION.

A circuit court properly dismissed defendants' petition for review of a final order of the Workmen's Compensation Appeal Board which affirmed a referee's award to claimant because exclusive original jurisdiction in such cases belongs to the Court of Appeals.

Appeal from Wayne, Harry Dingeman, Jr., J. Submitted Division 1 November 30, 1971, at Lansing. (Docket No. 12223.) Decided January 26, 1972.

Willie L. Owens presented his claim for workmen's compensation against Active Metal Company and Employers Mutual of Wausau. The Workmen's Compensation Appeal Board affirmed referee's award to claimant. Defendants sought review in circuit court. Summary judgment for claimant. Defendants appeal. Affirmed.

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 58 Am Jur, Workmen's Compensation § 522 et seq.

*Rothe, Marston, Mazey, Sachs, O'Connell, Nunn & Freid, P. C.,* for plaintiff.

*George E. Ganos,* for defendants.

Before: BRONSON, P. J., and QUINN and DANHOF, JJ.

PER CURIAM. Plaintiff was awarded workmen's compensation benefits by order of a referee. Defendants appealed to the appeal board which affirmed the award. Defendants then sought review of the award in circuit court by "Petition for Review." Plaintiff moved for summary judgment on the grounds that the circuit court had no jurisdiction to review final orders of the Workmen's Compensation Appeal Board and for judgment upon the referee's award pursuant to § 863 of the Workmen's Compensation Act of 1969, MCLA 418.863; MSA 17.237 (863).

By order entered June 28, 1971, the circuit court granted plaintiff's motion for summary judgment and dismissed defendants' action for lack of jurisdiction. By order entered July 2, 1971, the circuit court entered judgment upon the award.

Defendants appeal as of right to this Court. Plaintiff has filed a motion to affirm. GCR 1963, 817.5(3).

The June 28, 1971 order for summary judgment is affirmed. This Court has exclusive original jurisdiction to review final orders of the Workmen's Compensation Appeal Board. MCLA 418.861; MSA 17.237 (861). The review afforded by that statute fully satisfies the requirement of "direct review by the courts" as guaranteed by Const 1963, art 6, § 28. *Evans* v *United States Rubber Co,* 379 Mich 457 (1967).

The July 2, 1971 order granting judgment on the award was entered pursuant to and in conformity with MCLA 418.863; MSA 17.237 (863).

Motion to affirm is granted.