PORTER v BOARD OF OPTOMETRY

1. APPEAL AND ERROR—ADMINISTRATIVE LAW.

The judgment of a circuit court on review of administrative proceedings is not a final judgment appealable as of right; since an appeal directly from an administrative agency to the Court of Appeals is by leave, it would be illogical to allow an indirect appeal through the circuit court to be as of right.

2. APPEAL AND ERROR—ADMINISTRATIVE LAW.

Review of administrative proceedings by a court does not change an administrative proceeding, and, therefore, a judgment of a circuit court on review of administrative proceedings does not make the cause a civil matter from which an appeal may be taken as of right (GCR 1963, 806.1).

Appeal from Grand Traverse, Charles L. Brown, J. Submitted Division 3 January 18, 1972, at Lansing. (Docket No. 12815.) Decided May 26, 1972.

Complaint by Albert D. Porter against the Michigan State Board of Examiners in Optometry for review of the board's decision suspending his license. Decision affirmed. Plaintiff appeals. Appeal dismissed for lack of jurisdiction.

*Philip A. Clancey,* for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Michael D. Lewis,* Assistant Attorney General, for defendant.

Before: QUINN, P. J., and McGREGOR and BRONSON, JJ.

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 2 Am Jur 2d, Administrative Law § 553 *et seq.*

QUINN, P. J. Plaintiff's license was suspended for a period of three months by the State Board of Examiners in Optometry upon the board's finding that plaintiff had violated the Michigan optometry act, MCLA 338.251 *et seq;* MSA 14.641 *et seq.* Plaintiff filed a petition for review in circuit court pursuant to the procedure outlined in the Administrative Procedures Act of 1969, MCLA 24.301, 24.306; MSA 3.560(201), 3.560(206). The circuit judge affirmed the decision of the Board of Optometry, and plaintiff filed a claim of appeal in this Court. Defendant now asks this Court to dismiss the appeal for lack of jurisdiction.

Is the judgment of the circuit court on review of administrative proceedings a final judgment appealable as of right? The answer is no and defendant's motion to dismiss is granted.

MCLA 600.308; MSA 27A.308 establishes the jurisdiction of the Court of Appeals. MCLA 600.309; MSA 27A.309 establishes the right of appeal. GCR 1963, 806 governs appeals by right and by leave. GCR 1963, 806.2(1) requires leave to appeal from judgments and orders of administrative agencies or tribunals which by law are appealable to the Court of Appeals or the Supreme Court. GCR 1963, 806.6 deals with obtaining leave to appeal from administrative bodies and officers.

We recognize that GCR 1963, 806.2(1) and 806.6 relate to appeals from administrative agencies directly to the Court of Appeals and not to appeals from a circuit court which has reviewed administrative proceedings. However, to distinguish on this basis leads to the illogical result of restricting direct appeal from administrative agencies to the Court of Appeals to leave to appeal, but granting a right of appeal when review is first sought in circuit court. This we decline to do.

Logic is not the only basis for our action. In speaking of the constitutional right of review of administrative proceedings, Const 1963, art 6, § 28, the Supreme Court said in *Evans v United States Rubber Company*, 379 Mich 457, 461 (1967):

"We do not read the above language, 'shall be subject to direct review by the courts as provided by law', to mean that in each such case review shall be compulsory or as of right upon its being invoked by either party but only that review shall be had when, in the exercise of judicial judgment and discretion, the court shall, on application, so determine, or when so provided by law."

Later in the same opinion, the Court held that MCLA 600.308 and 309; MSA 27A.308 and 309 apply to appeals as of right in *"civil* matters in the courts". GCR 1963, 806.1 speaks to *civil* matters. Review of administrative proceedings by a court does not change an administrative proceeding to a civil proceeding, and the Supreme Court, at least by implication, so held in *Evans, supra.*

Defendant's motion to dismiss is granted and this appeal is dismissed for lack of jurisdiction but without costs.

All concurred.