ATTORNEY GENERAL v MICHIGAN PUBLIC SERVICE
COMMISSION

OPINION OF THE COURT

1. APPEAL AND ERROR—CIRCUIT COURT JUDGMENTS—APPEAL OF RIGHT
   —MICHIGAN RAILROAD COMMISSION ACT—PUBLIC SERVICE COM-
   MISSIONS—STATUTES—INTERPRETATION.

   The legislative intent of a section of the Michigan railroad
   commission act is clear: appeals from circuit court judgments
   reviewing orders of the then Railroad Commission and now
   Michigan Public Service Commission shall be a matter of right;
   the words "[w]hen the appeal is taken the case shall * * * be
   immediately placed on the calendar" can be given no other
   logical interpretation (MCLA 462. 26[d]).

2. APPEAL AND ERROR—CIRCUIT COURT JUDGMENTS—APPEAL BY LEAVE
   —APPEAL OF RIGHT—COURT RULES—PUBLIC SERVICE COMMIS-
   SION—CIRCUIT COURT REVIEW—STATUTES.

   A general statement in a court subrule that appeal to the Court
   of Appeals is only by leave from "final judgments entered by
   the circuit court on appeals from any other courts or tribunals"
   is not sufficiently explicit, within the meaning of a court
   subrule on method of review, to negate a statutory grant of
   appeal as of right as has been provided for Michigan Public
   Service Commission review procedures (MCLA 462.26[d]; GCR
   1963, 801.1, 806.2[4]).

3. APPEAL AND ERROR—APPEAL OF RIGHT—PUBLIC SERVICE COMMIS-
   SIONS—CIRCUIT COURT REVIEW—PUBLIC POLICY—UTILITY RATES.

   Allowing appeals as of right from circuit court review of orders
   by the Michigan Public Service Commission best serves the
   public interest because of the substantial impact utility rate

REFERENCES FOR POINTS IN HEADNOTES
[1] 73 Am Jur 2d, Statutes §§ 145, 146, 272, 275.
[2, 5, 7, 8] 4 Am Jur 2d, Appeal and Error §§ 1, 6, 7, 172, 309.
[3, 4] 64 Am Jur 2d, Public Utilities §§ 126–132, 276 *et seq.*
[5] 4 Am Jur 2d, Appeal and Error §§ 1, 6, 7, 172, 309.
[6] No reference.

cases have on the public and because it would be tantamount to ignoring the impact of these decisions to thrust the entire burden of resolving the complex issues inherent in utility rate cases upon a single circuit judge without insuring in each case the opportunity for multi-judge appellate review; only by insuring the opportunity for such appellate review in each case can the uniform development of the case law in this area be assured.

4. APPEAL AND ERROR—APPEAL OF RIGHT—PUBLIC SERVICE COMMIS-
   SIONS—CIRCUIT COURT REVIEW—STATUTES—COURT RULES.

   Appeal as of right to the Michigan Court of Appeals from a circuit court review of an order by the Michigan Public Service Commission is provided by statute and has been preserved by court rule (MCLA 462.26[d]; GCR 1963, 801.1).

CONCURRING OPINION

T. G. KAVANAGH and LEVIN, JJ.

5. APPEAL AND ERROR—REVISED JUDICATURE ACT—COURT OF APPEALS
   —PUBLIC SERVICE COMMISSIONS.

   *Sections of the Revised Judicature Act, providing that the Court of Appeals has jurisdiction in appeals from the circuit court and that such an appeal shall be as of right is applicable and provides an appeal as of right to the Court of Appeals from judgments of the circuit court entered following an appeal to that court from the Michigan Public Service Commission (MCLA 600.308, 600.309).*

6. APPEAL AND ERROR—PUBLIC SERVICE COMMISSIONS—CIRCUIT COURT
   —COURT OF APPEALS.

   *The Legislature has provided a right of appeal in Michigan Public Service Commission cases from the circuit court to the Michigan Court of Appeals.*

Appeal from Court of Appeals, Division 2, Quinn, P. J., and McGregor and Bronson, JJ., dismissing appeal from Ingham, Marvin J. Salmon, J. Submitted June 5, 1974. (No. 15 June Term 1974, Docket No. 54,700.) Decided September 6, 1974.

Complaint by Frank J. Kelley, Attorney General, the City of Detroit, and Wayne County against the Michigan Public Service Commission challenging an MPSC order approving an interim

rate increase requested by the intervening defendant, Michigan Consolidated Gas Company. Judgment for defendants. Plaintiff filed claim of appeal as of right and the intervening defendant filed a cross-appeal in the Court of Appeals. Appeals dismissed for lack of jurisdiction. Plaintiff appeals. Reversed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Hugh B. Anderson* and *Roderick S. Coy,* Assistants Attorney General, *Michael M. Glusac,* Corporation Counsel, and *Robert Reese* and *David R. Kaplan,* Assistants Corporation Counsel, for plaintiffs.

*Walter V. Kron* and *Lawrence M. Glazer,* Assistants Attorney General, for defendant Michigan Public Service Commission.

*Gary L. Cowan* and *Matheson, Bieneman, Veale & Parr,* for intervening defendant Michigan Consolidated Gas Company.

WILLIAMS, J. This case centers solely upon the question whether leave to appeal to the Court of Appeals or appeal as of right is appropriate from a circuit court review of an order by the Michigan Public Service Commission. The merits of the order are not before us.

## I. FACTS.

On July 20, 1970, Michigan Consolidated Gas Company, intervening defendant-appellee and cross-appellant, filed a petition with the Michigan Public Service Commission (MPSC), defendant-appellee, for authority to increase utility rates. MPSC approved an interim rate increase on Janu-

ary 11, 1971 and the Attorney General filed two suits in Ingham Circuit Court challenging the MPSC order. Judgment dismissing the actions was entered August 17, 1972. On September 6, 1972 the Attorney General filed claim of appeal as of right in the Court of Appeals and the gas company filed a cross-appeal on September 21, 1972. The claim of appeal and the cross-appeal were dismissed by the Court of Appeals for lack of jurisdiction citing *Porter v Board of Optometry*, 41 Mich App 150; 199 NW2d 666 (1972). On July 26, 1973 we granted leave to appeal on the procedural question of the Court of Appeals' dismissal of MPSC's claim of appeal as of right but denied leave to appeal on questions relating to the merits.

## II. APPEAL OF RIGHT GRANTED BY STATUTE.

Plaintiffs rest their claim of appeal as a matter of right to the Court of Appeals from a circuit court judgment reviewing the MPSC order on § 26 of the Michigan railroad commission act, MCLA 462.26; MSA 22.45.[1] Section 26(d) provides that:

"(d) Either party to said action, within 60 days after service of a copy of the order or judgment of the court [circuit court], may appeal to the supreme court, which appeal shall be governed by the statutes governing chancery appeals. *When the appeal is taken the case shall, on the return of the papers to the supreme court, be immediately placed on the calendar of the then*

[1] Section 26 was retained when the Public Utilities Commission succeeded the Railroad Commission, MCLA 460.59; MSA 22.9, and when the MPSC in turn succeeded the Public Utilities Commission. The legislation specifically provided:

"Any order or decree of the Michigan public service commission shall be subject to review in the manner now provided by law for reviewing orders and decrees of the Michigan railroad commission or the Michigan public utilities commission." MCLA 460.4; MSA 22.13(4).

*pending term,* and shall be brought to a hearing in the same manner as other cases on the calendar, or if no term is then pending, shall take precedence of cases of a different nature except criminal cases at the next term of the supreme court,"[2] (Emphasis added.) MCLA 462.26; MSA 22.45.

The legislative intent of § 26(d) is clear: appeals from circuit court judgments reviewing orders of the then Railroad Commission and now the MPSC shall be a matter of right. The words "[w]hen the appeal is taken the case shall * * * be immediately placed on the calendar" can be given no other logical interpretation. Since the passage of § 26 this has been the recognized interpretation and the Court of Appeals, until the present case, had treated appeals from circuit court reviews of MPSC orders as a matter of right.[3]

### III. *PORTER.*

In this action the Court of Appeals rejected plaintiff's claim of appeal and Michigan Consolidated's cross-appeal for lack of jurisdiction based on *Porter v State Board of Optometry, supra.*

In *Porter* the plaintiff's license was suspended

---

[2] Since 1965 the General Court Rules have provided that appeals to the Supreme Court such as provided in § 26 are now to be taken by the Court of Appeals. GCR 1963, 801.1. The language of § 26(d) distinguishes this case from *Lasher v Mueller Brass Co,* 392 Mich 488; 221 NW2d 289 (1974), where the language concerning appeal in the Michigan Employment Security Act is much more general and does not specify an appeal as of right.

[3] *See e.g. Northern Michigan Water Co v Michigan Public Service Commission,* Claim of Appeal, submitted June 1, 1966 (Mich Court of Appeals Docket No. 381); *Chesapeake & O R Co v Michigan Public Service Commission,* Claim of Appeal, submitted May 31, 1966 (Mich Court of Appeals Docket Nos. 822, 823) in which appellants filed claims of appeal as of right and the cases were entered on the docket without issuance of any order as is the procedure when appeals are taken as of right by the Court. Had these cases been taken by leave, the Court of Appeals would have entered an order granting leave to appeal.

by the board for three months and he sought review by the circuit court under the Administrative Procedures Act of 1969. MCLA 24.301, 24.306; MSA 3.560 (201), 3.560(206). The circuit court affirmed the board ruling and plaintiff sought appeal as of right to the Court of Appeals. The Court of Appeals dismissed the appeal for lack of jurisdiction, stating that it would be "illogical" to treat direct appeals to the Court of Appeals from administration agencies under GCR 1963, 806.2(1) and 806.6, in which appeals are by leave only, differently from those appeals from agency orders that have been first reviewed by the circuit court. The Court also found that administrative proceedings are not "civil matters" as the term is used in §§ 308 and 309 of the RJA, MCLA 600.308, 600.309; MSA 27A.308, 27A.309.

We need not comment on the validity of these conclusions because *Porter* is distinguishable from the facts of the present action and has no relevance to the deliberation in this case. The holding in *Porter* failed to distinguish between those administrative agencies such as the MPSC in which a special statute expressly provides appeal as of right from those agencies such as the Board of Optometry in which no expressed statutory grant of appeal is present and review is taken pursuant to the Administrative Procedures Act. Consequently, the Court of Appeals' reliance on *Porter* in the decision below was misplaced since *Porter* did not concern an agency in which an express statutory grant of an appeal as a matter of right has been provided.

*Evans v United States Rubber Co,* 379 Mich 457; 152 NW2d 641 (1967), cited in *Porter* as supporting its finding and relied upon by the defendant in the present action likewise is not determinative of the

question before us. In *Evans* the issue was whether a decision of the Workmen's Compensation Appeal Board is appealable as a matter of right. This Court stated that there is no constitutional grant of appeal as of right and, absent a specific statute, such applications are a matter of judicial discretion:

"We do not read the above language, [Const 1963, art 6, § 28] 'shall be subject to direct review by the courts as provided by law', to mean that in each such case review shall be compulsory or as of right upon its being invoked by either party but only that review shall be had when, in the exercise of judicial judgment and discretion, the court shall, on application, so determine, or *when so provided by law."* (Emphasis added.) 379 Mich 457, 461.

Unlike appeals from the Compensation Board where no statutory grant of appeal exists, appeal as of right is "provided by law" in the case of MPSC rulings by § 26.

Thus, the statutory mandate of § 26 in providing an appeal as of right in MPSC actions is clear; it has been so interpreted in the past and no prior decision of this Court or the Court of Appeals has altered or in any way disturbed this statutory right.

## IV. COURT RULES.

Art 6, § 5 of our state constitution provides that "[t]he supreme court shall by general rules, establish, modify, amend and simplify the practice and procedure in all courts of this state", making the court rules controlling on matters of practice. However, GCR 1963, 16 provides that statutes prescribing judicial practices and procedures "shall

be deemed to be in effect until superseded by rules adopted by the Supreme Court".

With regards to the question of appeal as of right versus leave to appeal to the Court of Appeals from circuit court review of an MPSC order a statute—§ 26—is "in effect" which establishes a prescribed practice—appeals as of right—and it cannot be said that the statute has been "superseded by rules adopted by the Supreme Court".

In order to understand this conclusion review of GCR 1963, 801.1 is useful. In 1963 extensive court rules where adopted by this Court adding to, modifying, changing, and codifying a massive body of preexisting procedures and practices but amidst this change GCR 1963, 801.1 sustained the statutory grant of appeals as of right. The rule in its entirety states:

".1 Method of Review. In all cases in which review by the Supreme Court or by the Court of Appeals is authorized by law, review shall be had by appeal to the Court of Appeals, subject to further appeal to the Supreme Court as provided by these rules. This rule refers only to the court and method of review and does not restrict, enlarge or change the right or scope of review provided by law, except as explicitly set out in these rules."

Thus, the appeal as of right established by § 26 was preserved by 801.1 and remains in effect unless some other rule explicitly alters this right.

The only court rule which arguably could be read as restricting the statutory right to appeal granted by § 26 and preserved by Court Rule 801.1 is Rule 806.2(4) which states:

"Appeal by Leave. The Court of Appeals may grant leave to appeal from * * * [a]ppeals from final judg-

ments entered by the Circuit Court on appeals from any other courts or tribunals."

This court rule without question provides in general language that those appeals from circuit court judgments reviewing administrative actions shall be by leave only. However, the general statement in 806.2(4) that appeal is only by leave "from final judgments entered by the circuit court on appeals from any other courts or tribunals" is not sufficiently explicit, within the meaning of GCR 1963, 801.1, to negate a statutory grant of appeal as of right such as has been provided by § 26 for MPSC review procedures. The specific wording of 801.1 preserving such statutory grants must take precedence over the general language of 806.2(4).[4] As a result the statutory grant of appeal as of right found in § 26 has been preserved and the Attorney General and the gas company are entitled to take appeal to the Court of Appeals from the circuit court decision as a matter of right.[5]

## V. PUBLIC POLICY.

This result based upon the plain meaning of § 26 and the court rules also will best serve the public interest. When § 26 was made applicable to MPSC review procedures, the Legislature no doubt recog-

---

[4] In *Lasher v Mueller Brass Co, supra,* this Court held that Michigan Employment Security Commission appeals are governed by GCR 1963, 806.2(4) and "are entitled only to leave status" 392 Mich 488, 495. However, MESC appeals unlike MPSC appeals are not provided as of right by specific statutory language and, consequently, 806.2(4) will control without reference to GCR 1963, 801.1 which becomes relevant only when a specific statutory grant of appeal as of right is involved.

[5] Since a statutory grant of appeal as of right in MPSC cases is clearly established by § 26 and preserved by GCR 1963, 801.1, it is unnecessary to consider or discuss whether §§ 308 and 309 of the Revised Judicature Act, MCLA 600.308, 600.309; MSA 27A.308, 27A.309 which define the authority of the Court of Appeals, should be regarded as a specific statutory grant of appeal as of right in agency review cases and if it does, which administrative agency review proceedings are covered by these sections.

nized the substantial impact utility rate cases would have on the public. The importance of these decisions has in no way diminished today and as we enter an age of rapidly decreasing energy reserves and increasing energy demands such decisions can only become more complex and of greater public interest and concern. It would be tantamount to ignoring the impact of these decisions to thrust the entire burden of resolving the complex issues inherent in utility rate cases upon a single circuit court judge without insuring in each case the opportunity for multi-judge appellate review. Only by insuring the opportunity for such appellate review in each case can we be assured of uniform development of case law in this area pregnant with complex issues.

## VI. CONCLUSIONS.

Appeal as of right to the Court of Appeals from a circuit court review of an order by the Michigan Public Service Commission is provided by § 26 and has been preserved by court rule. This right has been accepted in past practices and best serves the public interest.

We therefore reverse the Court of Appeals order of February 7, 1973 and hold that plaintiffs and cross-appellants are entitled to an appeal as of right from circuit court judgment reviewing the MPSC order.

T. M. KAVANAGH, C. J., and SWAINSON, M. S. COLEMAN, and J. W. FITZGERALD, JJ., concurred with WILLIAMS, J.

LEVIN, J. *(concurring).* I concur in the result for the reasons set forth in my opinion in *Lasher v Mueller Brass Co,* 392 Mich 488; 221 NW2d 289, decided today.

T. G. KAVANAGH, J., concurred with LEVIN, J.