JONES v CHRYSLER CORPORATION

Docket No. 56700. Decided July 23, 1975.

> Application for leave to appeal from an order of the Court of
> Appeals dismissing a claim of appeal for lack of jurisdiction
> (Docket No. 22042). Reversed and remanded for hearing appeal
> of right.
>
>> *Porter v Board of Optometry,* 41 Mich App 150; 199 NW2d
>> 666 (1972), disapproved.

APPEAL AND ERROR—CIRCUIT COURTS—FINAL JUDGMENT—CIVIL
    RIGHTS COMMISSION.

> A judgment of the circuit court in an appeal from the Civil
> Rights Commission is a final judgment, and an appeal from it
> to the Court of Appeals is of right, not by leave (MCL 600.308,
> 600.309).

*Philip Green,* Special Counsel, Civil Rights Commission, for plaintiff Roy A. Jones.

*A. William Rolf* for defendant Chrysler Corporation.

MEMORANDUM OPINION. Roy Jones was discharged by the Chrysler Corporation and he complained to the Civil Rights Commission, alleging his discharge was because of race. After a hearing, the Commission awarded relief to Jones. Chrysler appealed as of right to Ingham Circuit Court and prevailed.

Jones sought an appeal of right which the Court of Appeals dismissed because it appeared to that Court that "under *Porter v Board of Optometry,* 41 Mich App 150 [199 NW2d 666] (1972) the ap-

---

REFERENCE FOR POINTS IN HEADNOTE
5 Am Jur 2d, Appeal and Error § 959.

peal as of right is not within the jurisdiction of this Court".

Jones moves for leave to appeal the dismissal of his appeal. His application is granted and this Court, *sua sponte,* pursuant to GCR 1963, 865.1(7) reverses the Court of Appeals, remands to the Court of Appeals and orders Jones' claim reinstated as an appeal of right.

Section 308 of the Revised Judicature Act (MCLA 600.308; MSA 27A.308) provides that the Court of Appeals "has jurisdiction on appeals from * * * [a]ll final judgments from the circuit courts". The instant case involves a final judgment of the circuit court. Under § 309 of the RJA (MCLA 600.309; MSA 27A.309) this final judgment shall be appealable to the Court of Appeals as a matter of right.

In so holding, this Court expressly disapproves of the holding of *Porter v Board of Optometry,* 41 Mich App 150; 199 NW2d 666 (1972).

T. G. KAVANAGH, C. J., and WILLIAMS, LEVIN, and J. W. FITZGERALD, JJ., concurred.

LINDEMER, J. *(dissenting).* I believe *Porter v Board of Optometry, supra,* is dispositive.

M. S. COLEMAN, J., concurred with LINDEMER, J.

SWAINSON, J., took no part in the decision of this case.