PAYTAS v CITY OF WARREN POLICE DEPARTMENT

OPINION OF THE COURT

1. MUNICIPAL CORPORATIONS—POLICEMEN—DISMISSAL OF POLICE OFFI-
CERS—CIVIL SERVICE COMMISSION—STATUTES.

It was not improper and prejudicial, under the statute regarding
the discharge of police officers, for a police commissioner and
the civil service commission to consider a letter recommending
a police officer's dismissal, which was prepared by the police-
man's superior and contained background information concern-
ing the officer's history of problems and possible incompatibility
with co-workers, (1) where each commissioner indicated that
the decision would be made upon the evidence submitted, (2)
where there is no evidence that the commission considered the
contents of the letter in determining plaintiff's guilt or the
punishment imposed, (3) where the background material was
not an exposé of prior misconduct but more in the nature of a
history of plaintiff's health problems and an explanation of the
circumstances immediately preceding the officer's refusal to
return to work, and (4) where the officer testified on direct
examination substantially as to the matters which appeared in
the letter (MCLA 38.514; MSA 5.3364).

2. MUNICIPAL CORPORATIONS—CIVIL SERVICE COMMISSION—POLICEMEN
—FIREMEN.

Uncharged allegations of misconduct may not be considered by a
civil service commission when disciplining a fireman or police-
man.

3. MUNICIPAL CORPORATIONS—CIVIL SERVICE COMMISSION—POLICEMEN
—CHARGES— DISMISSAL OF POLICE OFFICERS.

There is no merit to an allegation by a police officer that a new
charge was brought against him for the first time at the civil
service commission hearing which resulted in a final order for
the officer's dismissal where the commission ruled that such

REFERENCES FOR POINTS IN HEADNOTES
[1] 30 Am Jur 2d, Evidence § 1004.
[2–6] 15 Am Jur 2d, Civil Service §§ 36, 38.
[4] 15 Am Jur 2d, Civil Service § 28.

new charge would not be considered against the officer and where such charge or finding does not appear in any form in the commission's final order of dismissal.

DISSENT BY T. M. BURNS, J.

4. MUNICIPAL CORPORATIONS—POLICE DEPARTMENTS—TRIAL BOARDS— RULES OF EVIDENCE—RULES OF PROCEDURE—RUDIMENTARY DUE PROCESS.

A police department trial board hearing is not a trial and, therefore, need not comply with all the rules of evidence and procedure applicable to a trial; however, such hearings affect an "important interest", the officer's employment future, and, therefore, the hearing must comply with rudimentary due process.

5. MUNICIPAL CORPORATIONS—CIVIL SERVICE—FIREMEN—POLICEMEN— CIVIL SERVICE ACT—UNCHARGED ALLEGATIONS—STATUTES.

The firemen and policemen's civil service act precludes an appointing authority from considering uncharged allegations of employee misconduct when disciplining a fireman or policeman (MCLA 38.501 et seq.; MSA 5.3351 et seq.).

6. CONSTITUTIONAL LAW—DUE PROCESS—CIVIL SERVICE COMMISSION— POLICEMEN.

Rudimentary due process is violated where a memorandum containing a detailed account of the background for formal charges against a police officer is attached to the list of formal charges and where such memorandum is submitted to and considered by the civil service commissioners before the commission's hearing on the formal charges.

Appeal from Macomb, Frank E. Jeannette, J. Submitted June 9, 1976, at Detroit. (Docket No. 26176.) Decided September 28, 1976. Leave to appeal denied, 399 Mich 844.

Anthony Paytas was suspended and later dismissed from employment with the Warren Police Department. The dismissal was upheld by the Warren Police and Fire Civil Service Commission. Paytas appealed to the circuit court. Affirmed. Paytas appeals. Affirmed.

*Donald F. Welday, Jr.,* for Anthony Paytas.

*W. Thomas Marrocco, Jr.,* City Attorney, and *John J. Murray,* Chief Assistant City Attorney, for the Warren Police Department.

Before: J. H. Gillis, P. J., and T. M. Burns and W. Van Valkenburg,* JJ.

J. H. Gillis, P. J. Plaintiff was suspended from the Warren Police Department and ultimately dismissed from his position as a Warren Police Officer. The Warren Police and Fire Civil Service Commission upheld this dismissal on March 14, 1974. The decision of the civil service commission was appealed to the Macomb County Circuit Court and affirmed by an order of that court dated September 30, 1975. Plaintiff now appeals from the circuit court order.

Plaintiff had a history of mental and physical health problems. He had been lawfully absent from work since March 23, 1973, and was awaiting the outcome of a petition for medical disability retirement. In late August of 1973 the petition for disability retirement was denied, and plaintiff was subsequently ordered back to work. Plaintiff, however, did not return to duty. Senior Inspector Charles L. Groesbeck then submitted a recommendation of dismissal to Warren Police Commissioner Milford S. Gilliam. That recommendation contained background information concerning plaintiff's history of problems and certain circumstances indicating plaintiff's possible incompatibility with his coworkers. The recommendation also contained a list of formal charges and specifications that constituted the grounds for dismissal. Plaintiff's refusal to return to duty provided the basis for the central charge, wilful disobedience of orders. Com-

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

missioner Gilliam suspended and ultimately dismissed the plaintiff, basing his decision upon the formal charges set forth by Senior Inspector Groesbeck. Subsequently, a civil service hearing was conducted upon the charges, and the order discharging the plaintiff from the Warren Police Department was upheld. The civil service commission found plaintiff guilty of four charges: 1) wilful disobedience of orders from a superior officer; 2) being absent from duty without permission; 3) making a false statement or report; and 4) being absent from home, while unable to report for duty, without first reporting to the officer in charge.

On appeal plaintiff first argues that it was improper and prejudicial under MCLA 38.514; MSA 5.3364 for Commissioner Gilliam, and subsequently the civil service commission, to consider the letter, prepared by Inspector Groesbeck, recommending dismissal. Plaintiff contends that the letter contained prejudicial background material and incidents arising more than 90 days prior to the formal charges. At the beginning of the hearing before the civil service commission, counsel for the plaintiff made this same objection. The commissioners admitted some familiarity with the recommendation for dismissal. However, each commissioner indicated on the record that the decision of the commission would be made upon the evidence submitted. Moreover, there is no evidence on the record that the commission considered the contents of the letter recommending plaintiff's dismissal in determining plaintiff's guilt or the punishment imposed. Further, the instant case does not come within the holding of *Konyha v Mount Clemens Civil Service Commission,* 393 Mich 422; 224 NW2d 833 (1975), where a civil service commission considered a fireman's entire

record, including prior misconduct that had been the subject of punishment, when determining the punishment for a subsequent offense. *Konyha* merely precludes the consideration of uncharged allegations of misconduct when disciplining a fireman or policeman. The background material present in the recommendation for dismissal was not an exposé of prior misconduct but was more in the nature of a history of plaintiff's health problems and an explanation of the circumstances immediately preceding plaintiff's refusal to return to duty. Finally, plaintiff testified on direct examination substantially as to the matters which appear in the letter recommending dismissal. These background matters were explored in an attempt by the plaintiff to explain his health problems and his subsequent refusal to return to duty. Due to the foregoing reasons, we find this argument to be without merit.

Next, plaintiff alleges that a new charge was brought against him for the first time during the civil service commission hearing—*i.e.,* by being absent for five days without permission, plaintiff automatically resigned per a department regulation. We find this issue also to be without merit. While there is argument on the record to the effect that plaintiff's absence for more than five days should constitute an automatic resignation, the commission ruled that this would not be considered as a charge against the plaintiff. Furthermore, such a charge or finding does not appear in any form in the commission's final order of dismissal.

Finally, plaintiff argues that there was insufficient evidence to support the basic charge, wilful disobedience of orders, because plaintiff relied upon advice from his doctor and lawyer before

refusing to return to work. We have reviewed the record and determine that the civil service commission's finding of guilty of wilful disobedience of orders is supported by competent, material and substantial evidence. *Hunn v Madison Heights,* 60 Mich App 326; 230 NW2d 414 (1975).

We have considered appellee's allegation that this matter is improperly before the Court and find such allegation without merit in light of *Jones v Chrysler Corporation,* 394 Mich 432; 231 NW2d 642 (1975).

Affirmed. Costs to appellee.

W. VAN VALKENBURG, J., concurred.

T. M. BURNS, J. *(dissenting).* Plaintiff argues that his "basic right to a fair and impartial hearing" was denied him by the prior submission to and consideration by the commission of a police department memo outlining a history of plaintiff's problems with superior officers.

"A departmental trial board hearing is not a trial and, therefore, need not comply with all the rules of evidence and procedure applicable to a trial. However, because a trial board hearing affects an 'important interest', *i.e.,* the officer's employment future, the hearing must comply with 'rudimentary due process'." *Sponick v Detroit Police Department,* 49 Mich App 162, 188; 211 NW2d 674 (1973).

In *Konyha v Mount Clemens Civil Service Commission,* 393 Mich 422; 224 NW2d 833 (1975), the Supreme Court found a local civil service commission's consideration of uncharged allegations of past misconduct improper in discharging a fireman for sleeping through roll call. The Court held that the firemen and policemen's civil service act,

MCLA 38.501 *et seq.;* MSA 5.3351 *et seq.,* precludes an appointing authority from considering uncharged allegations of employee misconduct when disciplining a fireman or policeman. *Konyha, supra,* at 424.

Attached to the charges against the plaintiff submitted to the civil service commission was a detailed account of the background for the charges. The memorandum reflected poorly upon plaintiff's performance as a police officer in relation to fellow officers and his superiors and provided support for the conclusion that plaintiff should be discharged. I have no doubt that the author of the memorandum had no improper motive in presenting the document to the commission before the hearing, and I am sure that the commissioners attempted to disregard the memorandum and to judge only the facts brought out at the hearing.

Submission of the memorandum, however, was highly improper and certainly violated "rudimentary" due process. I must conclude that the plaintiff was prejudiced by the memorandum's submission to and consideration by the commissioners before the hearing; indeed, even before the formal charges were set out. I don't believe that the plaintiff could have received a fair hearing before an impartial commission under the facts of this case.

I would reverse the order of the circuit court and set aside the order of dismissal of the civil service commission.