CAF INVESTMENT COMPANY v SAGINAW TOWNSHIP

1. TAXATION—PROPERTY TAXES—TAX TRIBUNAL—APPEAL AND ERROR —APPEALS BY RIGHT—COURT OF APPEALS—STATUTES.

An appeal from a final property tax determination by the Michigan Tax Tribunal is reviewable as of right by the Michigan Court of Appeals (MCLA 205.753; MSA 7.650[53]).

2. CONSTITUTIONAL LAW—TAXATION—TAX TRIBUNAL—APPEAL AND ERROR—VALUATION—ALLOCATION—FRAUD—ERROR OF LAW— CONSTITUTION—STATUTES.

A section of the Tax Tribunal Act regarding appeals from an order or decision of the Tax Tribunal is subject to a section of the constitution which states that in the absence of fraud, error of law, or the adoption of wrong legal principles no appeal may be taken relating to valuation or allocation from any final agency provided for the administration of property tax laws (Const 1963, art 6, § 28, MCLA 205.753; MSA 7.650[53]).

3. STATUTES—RULES OF PRACTICE—COURT RULES.

Statutory rules of practice not in conflict with the court rules are effective until superseded by those rules (GCR 1963, 16).

4. APPEAL AND ERROR—ADMINISTRATIVE LAW—APPEAL BY RIGHT—APPEAL BY LEAVE—COURT OF APPEALS—TAX TRIBUNAL—COURT RULES—STATUTES.

Language contained in the court rules regarding appeals by right and by leave and regarding review of cases by the Court of Appeals does not negate the specific statutory grant of an appeal by right contained in the statute regarding appeals from the Tax Tribunal (GCR 1963, 801.1, 806.2[1], MCLA 205.753; MSA 7.650[53]).

REFERENCES FOR POINTS IN HEADNOTES

[1, 4] 72 Am Jur 2d, State and Local Taxation §§ 787, 820.

[2, 4] 72 Am Jur 2d, State and Local Taxation §§ 705, 712.

[3] 20 Am Jur 2d, Courts §§ 196–198.

[5] 5 Am Jur 2d, Appeal and Error §§ 744, 747.

Erroneous decision as law of the case on subsequent appellate review. 87 ALR2d 271.

[6] 72 Am Jur 2d, State and Local Taxation §§ 760–762.

5. APPEAL AND ERROR—LAW OF THE CASE—PRIOR APPEALS.

The law of the case rule requires the Court of Appeals to adhere to the legal rulings made in a prior appeal to the Supreme Court of the same case where the underlying facts have not changed.

6. TAXATION—PROPERTY TAXES—TAX TRIBUNAL—PROPERTY APPRAISALS—APPEAL AND ERROR—INSTRUCTIONS ON REMAND.

The Tax Tribunal commits clear legal error where, on remand from the Supreme Court, it adopts a property appraisal based upon the rate of return which comparable unencumbered property could earn where the Supreme Court held in remanding to the Tax Tribunal that, for the purpose of finding the true cash value of petitioner's property the tribunal could not base its valuation upon a rate of return which comparable unencumbered property could earn in the current market, since petitioner's property was in fact encumbered by an unfavorable long-term lease.

Appeal from Michigan Tax Tribunal. Submitted June 20, 1977, at Lansing. (Docket Nos. 28515, 28516.) Decided November 21, 1977. Leave to appeal applied for.

The State Tax Commission affirmed a property tax assessment of CAF Investment Company's property by Saginaw Township. Application for leave to appeal to the Court of Appeals was denied. Plaintiff appealed to the Supreme Court. Reversed and remanded to the Tax Tribunal for further proceedings, 392 Mich 442 (1974). The Tax Tribunal made redeterminations. Plaintiff appeals from the assessments for the years 1971 through 1975. Remanded.

*Honigman, Miller, Schwartz & Cohn* (by *Charles H. Tobias* and *Michael B. Shapiro*), for plaintiff.

*Crane, Kessel & Crane,* for defendant.

Amicus Curiae: *Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Richard R. Roesch* and *Lawrence W. Morgan,* Assistants Attorney General.

Before: D. F. WALSH, P. J., and QUINN and H. D. STAIR,* JJ.

D. F. WALSH, P. J. Petitioner appeals its property tax assessment for the years 1971 through 1975. The case presents two questions. The first is whether a property tax determination by the Tax Tribunal is reviewable by the Court of Appeals as of right or only on leave granted. The second is whether the tribunal's assessment comported with the Supreme Court's instructions on remand in *CAF Investment Co v State Tax Commission,* 392 Mich 442; 221 NW2d 588 (1974).

In enacting the Tax Tribunal Act, the Legislature made the following provision for appeals:

"SEC. 53. (1) Subject to section 28 of article 6 of the constitution of 1963, and pursuant to section 102 of Act No. 306 of the Public Acts of 1969, as amended, being section 24.302 of the Michigan Compiled Laws, and in accordance with general court rules, an appeal from the tribunal's decision shall be by right to the court of appeals. For purposes of the constitutional provision, the tribunal is the final agency for the administration of property tax laws.

\* \* \*

"(3) An order, ruling, or decision prior to final decision of the tribunal is not reviewable unless leave to appeal is granted by the court of appeals." MCLA 205.753; MSA 7.650(53).

The plain language of the statute specifically grants an appeal of right to the Court of Appeals from final decisions of the Tax Tribunal. We must determine whether that provision is in accordance with the constitution and with applicable court rules.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

By its terms the statute is subject to Const 1963, art 6, § 28:

"Sec. 28. All final decisions, findings, rulings and orders of any administrative officer or agency existing under the constitution or by law, which are judicial or quasi-judicial and affect private rights or licenses, shall be subject to direct review by the courts as provided by law. This review shall include, as a minimum, the determination whether such final decisions, findings, rulings and orders are authorized by law; and, in cases in which a hearing is required, whether the same are supported by competent, material and substantial evidence on the whole record. Findings of fact in workmen's compensation proceedings shall be conclusive in the absence of fraud unless otherwise provided by law.

"In the absence of fraud, error of law or the adoption of wrong principles, no appeal may be taken to any court from any final agency provided for the administration of property tax laws from any decision relating to valuation or allocation."

That section limits the scope of review of the tribunal's decisions concerning valuation or allocation. *CAF Investment Co v State Tax Commission, supra, Fisher-New Center Co v State Tax Commission,* 380 Mich 340; 157 NW2d 271 (1968), *rev'd on other grounds on rehearing,* 381 Mich 713, 167 NW2d 263 (1969), *Pantlind Hotel Co v State Tax Commission,* 380 Mich 390; 157 NW2d 293 (1968). It does not indicate, however, whether review is of right or by leave. See, *Viculin v Department of Civil Service,* 386 Mich 375, 392–393, n 15; 192 NW2d 449, 458, n 15 (1971). Therefore, although the scope of review permitted under MCLA 205.753; MSA 7.650(53) is limited by art 6, § 28, the statutory grant of an appeal of right does not conflict with that constitutional provision.

We next must ascertain whether the statutory

grant is in accordance with the General Court Rules.

Statutory rules of practice not in conflict with the court rules are effective until superseded by those rules. GCR 1963, 16; see, *Perin v Peuler (On Rehearing)*, 373 Mich 531; 130 NW2d 4 (1964), *People v Denmark*, 74 Mich App 402; 254 NW2d 61 (1977). The method of review of cases by the Court of Appeals is governed by GCR 1963, 801.1:

> ".1 Method of Review. In all cases in which review by the Supreme Court or by the Court of Appeals is authorized by law, review shall be had by appeal to the Court of Appeals, subject to further appeal to the Supreme Court as provided by these rules. This rule refers only to the court and method of review and does not restrict, enlarge or change the right or scope of review provided by law, except as explicitly set out in these rules."

That rule sustains the statutory grant of appeals as of right unless it is specifically altered by some other court rule. *Attorney General v Michigan Public Service Commission*, 392 Mich 660; 221 NW2d 299 (1974), *Evans v United States Rubber Co*, 379 Mich 457; 152 NW2d 641 (1967).

The only rule which arguably might effect that alteration is GCR 1963, 806.2(1):

> ".2 Appeal by Leave. The Court of Appeals may grant leave to appeal from:
>
> "(1) Final or interlocutory judgments or orders of administrative agencies or tribunals which by law are appealable to the Court of Appeals or the Supreme Court."

We find, however, that the language in that court rule is not sufficiently explicit, within the meaning of GCR 1963, 801.1, to negate the specific statutory

grant of appeal by right contained in the statute herein considered. Compare, *Attorney General v Michigan Public Service Commission, supra,* with *Perin v Peuler (On Rehearing), supra.* We hold that MCLA 205.753; MSA 7.650(53) validly grants an appeal as of right to this Court from a final property tax determination of the Michigan Tax Tribunal.

The second issue concerns the tribunal's adherence to the Supreme Court's holding in the original appeal in this case, *CAF Investment Co v State Tax Commission, supra.* The "law of the case" rule requires us to adhere to the legal rulings made in that opinion since the pertinent underlying facts have not changed. *Higgins v Monroe Evening News,* 70 Mich App 407; 245 NW2d 769 (1976).

In its opinion, the Supreme Court held that for the purpose of finding the "true cash value" of petitioner's property using the capitalization of income approach, the tribunal could not base its valuation upon a rate of return which comparable unencumbered property could earn in the current market where petitioner's property was in fact encumbered by an unfavorable long-term lease.

The Court noted that there may be cases in which it would be inappropriate to consider lease term rental as a component of projected income. In this case, however, the Court required that the actual income from the lease could not be ignored and that it must constitute the basis for the valuation,[1] 392 Mich at 456, n 6; 221 NW2d at 595, n 6.

After a full hearing on remand the tribunal adopted an appraisal based upon the rate of return

---

[1] The tribunal need not utilize actual income as the *sole* basis for valuation, but may adjust that figure to reflect other factors that would affect the "usual selling price" of the property. *CAF Investment Co v State Tax Commission, supra,* at 455–456. However, actual income must be the starting point for such calculations.

on comparable unencumbered property. By failing to base its projected income calculations upon the actual income of the property, the tribunal committed a clear error of law. We, therefore, remand this case to the Tax Tribunal for redetermination in accordance with the Supreme Court's holding.