## PEOPLE *v.* BROTHMAN.

### SAME *v.* HARRISON.

1. Appeal and Error—Appeal of Right—Circuit Court—Final Judgment.

   All final judgments of the circuit court are appealable by right to the Court of Appeals (PA 1961, No 236, §§ 308, 309, as added by PA 1964, No 281).

2. Same—Circuit Court—Appeal From Lower Court—Final Judgment.

   Conviction in circuit court on trial *de novo* on appeal from lower court is final judgment of circuit court.

3. Same—Appeal of Right—Circuit Court—Conviction on Appeal.

   Defendant convicted in justice or municipal court who appeals to circuit court and is again convicted on trial *de novo* in circuit court has an appeal of right to Court of Appeals, there being no distinction made in statute between such case and any other case in circuit court resulting in a final judgment in the circuit court (PA 1961, No 236, §§ 308, 309, as added by PA 1964, No 281).

------

References for Points in Headnotes

[1, 3]  4, 5 Am Jur 2d, Appeal and Error §§ 159, 723.
[2]  4 Am Jur 2d, Appeal and Error §§ 58-60.

Appeal from Washtenaw; Breakey (James R., Jr.), J. (Docket Nos. 1,782, 2,130 through 2,157.) Appeal from Ingham; Salmon (Marvin J.), J. (Docket No. 2,019.) Submitted Division 2 June 21, 1966, at Lansing. Decided October 25, 1966.

Anita Susan Brothman and 28 other persons were convicted of trespass in Ann Arbor municipal court. Defendants appealed to Washtenaw circuit court, and were convicted on trial *de novo,* all cases being consolidated for trial. Defendants appeal.

Howard Harrison, Fred Warren Janvrin, James Joseph Dukarm, and Elbert Phillip Halprin were convicted of misdemeanors in Lansing township justice of the peace court, Ingham county. Defendants appealed to Ingham circuit court, and were convicted on trial *de novo.* Defendants appeal.

Court of Appeals ordered briefs in all cases on whether appeal as a matter of right lies to Court of Appeals in such cases. Appeals determined to be of right.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William F. Delhey,* Prosecuting Attorney for Washtenaw County, *Robert B. Creal,* Assistant Prosecuting Attorney, for the people in Nos. 1,782, 2,130 through 2,157.

*Goodman, Crockett, Eden, Robb & Philo (Harold Norris,* of counsel), for defendants in Nos. 1,782, 2,130 through 2,157.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Donald L. Reisig,* Prosecuting Attorney for Ingham County, *James B.*

*Brown,* Assistant Prosecuting Attorney, for the people in No. 2,019.

*Dunnings & Gibson* and *Lynn, Spitz & Condon,* for defendants in No. 2,019.

McGregor, P. J.  These cases concern the question of whether a defendant, who was convicted of a misdemeanor in justice or municipal court and again convicted in circuit court on a trial *de novo* on appeal, may appeal by right to the Court of Appeals from his circuit court conviction.

Defendant Brothman was tried and convicted of a misdemeanor in Ann Arbor municipal court.  On appeal to the Washtenaw county circuit court, her case was tried *de novo* and she was again convicted. She then timely filed her claim of appeal in this Court.  Defendants Harrison, Janvrin, Dukarm, and Halprin were tried and convicted of misdemeanors in justice of the peace court for Lansing township, Ingham county, and on appeal to the Ingham county circuit court their cases were tried *de novo* and they were again convicted.  They also timely filed their claims of appeal in this Court.

When these two separate cases came before this Court on miscellaneous motions, the second division ordered counsel in each case to submit briefs on the following questions:

"1. Is an appeal as of right in a criminal case a matter of substance or procedure?

"2. If it is a matter of substance, can right to appeal be established by court rule?

"3. Is an appeal from municipal court and trial *de novo* in circuit court an appeal within the purview of Const 1963, art 1, § 20?"

Although these cases were not consolidated for submission, one opinion will suffice because of the

identity of the issue, which is whether or not the defendants herein may appeal to this Court as a matter of right by filing a claim of appeal.

The Constitution has only this to say on the question:

"The jurisdiction of the Court of Appeals shall be provided by law and the practice and procedure therein shall be prescribed by rules of the Supreme Court." Const 1963, art 6, § 10.

By PA 1964, No 281, the legislature added provisions to the revised judicature act, PA 1961, No 236 (CLS 1961, § 600.101 *et seq.* [Stat Ann 1962 Rev § 27A.101 *et seq.*]) which established and provided for the operation of the Court of Appeals. The provisions of law determining the jurisdiction of this Court are found in section 308 of the Court of Appeals act as follows:

"The Court of Appeals has jurisdiction on appeals from:

"(1) All final judgments from the recorder's court, superior court, circuit courts and court of claims.

"(2) All final judgments from justice courts, police courts, municipal courts, probate courts, common pleas courts, or other court inferior to the circuit courts, which on appeal are not triable *de novo.* All appeals from final judgments from the aforementioned courts which are triable *de novo* shall continue to be taken to the circuit courts.

"(3) Such other judgments or interlocutory orders as the Supreme Court may by rule determine." PA 1961, No 236, § 308, as added by PA 1964, No 281 (Stat Ann 1965 Cum Supp § 27A.308).

Section 309 of the Court of Appeals act specifies when appeal is by right as follows:

"All appeals to the Court of Appeals from final judgments or decisions permitted by this act shall be

a matter of right. All other appeals from other judgments or orders to the Court of Appeals permitted by statute or Supreme Court rule shall be by right or by leave as provided by the statute or the rules promulgated by the Supreme Court." PA 1961, No 236, § 309, as added by PA 1964, No 281 (Stat Ann 1965 Cum Supp § 27A.309).

Section 308 declares that the Court of Appeals has jurisdiction on appeals from all final judgments of the circuit court. Section 309 states that all appeals permitted by the act to the Court of Appeals from final judgments are by right. The logical conclusion is that all final judgments of the circuit court are appealable by right to the Court of Appeals. There is no question that the defendants in these cases are appealing from final judgments rendered by the circuit court. There is no exception made by this statute for cases that originated in a lower tribunal but terminated with a final circuit court judgment.

Since the appeals of the defendants in these cases are properly before this Court by claim of appeal, timely filed, the parties herein are ordered to proceed with their appeals in the normal course. The defendants hereby are given 60 days after filing in Court of the stenographer's transcript, or after the filing of this opinion, whichever is later, to file their briefs on the substantive merits of their appeals.

T. G. KAVANAGH, and QUINN, JJ., concurred.