LASHER v MUELLER BRASS COMPANY

OPINION OF THE COURT

1. UNEMPLOYMENT COMPENSATION—EMPLOYMENT SECURITY ACT—
   COURT OF APPEALS—APPEAL AND ERROR—APPEAL BY LEAVE—
   COURT RULES.

   Michigan Court of Appeals did not have the jurisdiction to hear
   plaintiff's appeal from a circuit court decision affirming the
   Michigan Employment Security Commission as a matter of
   right because the proper Court of Appeals review of Michigan
   Employment Security Act appeals is on leave granted as pro-
   vided for in a court rule (GCR 1963, 806.2[4]).

2. UNEMPLOYMENT COMPENSATION—EMPLOYMENT SECURITY ACT—AP-
   PEAL AND ERROR—COURT OF APPEALS—APPEAL BY RIGHT—AP-
   PEAL BY LEAVE—STATUTES—COURT RULES.

   Michigan Employment Security Act appeals are covered by the
   last portion of a statute which states that such "appeals * * *
   to the court of appeals permitted by statute or supreme court
   rule shall be by right or by leave as provided by the statute or
   the rules promulgated by the supreme court" (MCLA 600.309).

3. UNEMPLOYMENT COMPENSATION—COURT RULES—COURT OF APPEALS
   —APPEAL BY RIGHT—APPEAL BY LEAVE—EMPLOYMENT SECURITY
   ACT.

   A subsection of a court rule, which enumerates the situations
   where the Court of Appeals must grant appeal as of right,
   when read together with another subsection which provides for
   leave to appeal *only*, in certain specific situations one of which
   is "[a]ppeals from final judgments entered by the circuit court
   on appeals from any other courts or tribunals" it becomes

REFERENCES FOR POINTS IN HEADNOTES

[1–3, 6, 7, 9, 10] 4 Am Jur 2d, Appeal and Error § 309.
[4, 5] 73 Am Jur 2d, Statutes §§ 194–248.
[7, 8, 10, 11] 4 Am Jur 2d, Appeal and Error §§ 1, 6, 7, 172.
[8] 20 Am Jur 2d, Courts §§ 74, 190.
[9] 20 Am Jur 2d, Courts §§ 74, 85, 190.
[11] 4 Am Jur 2d, Appeal and Error § 172.
[12] No Reference.

apparent that Michigan Employment Security Act appeals are covered by the quoted provision (GCR 1963, 806.1, 806.2, 806.2[4]).

4. STATUTES—CONSTRUCTION.

One of Michigan's most honored and longstanding principles is that literal interpretations, and the inferences drawn therefrom, arising from general provisions of a statute or statutory section must be read so as to be limited and controlled by clear and express language found in other sections of the same statute.

5. STATUTES—CONSTRUCTION.

Longstanding practice alone cannot overcome a logical reading of the words of a statute.

6. APPEAL AND ERROR—COURTS—COURT RULES.

It is incumbent upon the Michigan Supreme Court to amend the court rule which provides for leave to appeal *only,* in certain specific situations one of which is "[a]ppeals from final judgments entered by the circuit court on appeals from any other courts or tribunals" if it desires to change the effect of that rule.

SEPARATE OPINION

T. G. KAVANAGH and LEVIN, JJ.

7. APPEAL AND ERROR—REVISED JUDICATURE ACT—COURT OF APPEALS —UNEMPLOYMENT COMPENSATION.

*Sections of the Revised Judicature Act, providing that the Court of Appeals has jurisdiction in appeals from the circuit court and that such an appeal shall be as of right, is applicable to and provides an appeal as of right to the Court of Appeals from judgments of the circuit court entered following an appeal to that court from the Michigan Employment Security Commission Appeal Board (MCLA 600.308, 600.309).*

8. APPEAL AND ERROR—COURT RULES—COURT OF APPEALS—TRIBU-NALS.

*The words "or tribunals" were added by mistake when a court rule concerning appeals by right and by leave to the Michigan Court of Appeals was amended "to conform to statutory changes" in a section of the Revised Judicature Act eliminating appeals as of right to that Court "from other courts" (MCLA 600.308; GCR 1963, 806.2[4]).*

9. COURTS—COURT RULES—OBITER DICTUM—SUPREME COURT.

> *A court rule, by its very nature, is all obiter dictum; the Michigan Supreme Court should not hesitate to rewrite a mistake in a court rule, and should not apply a court rule to bar an appeal as of right granted by an act of the Legislature (GCR 1963, 806.2[4]).*

10. APPEAL AND ERROR—COURT RULES—COURT OF APPEALS.

> *There is no need to read subdivisions 1 and 2 of a court rule, concerning appeals by right and by leave to the Michigan Court of Appeals, as mutually exclusive or to read subdivision 2 as eliminating a right of appeal provided in subdivision 1; subdivision 2 can properly be seen as complementing and supplementing, not as qualifying subdivision 1 (GCR 1963, 806).*

11. APPEAL AND ERROR—COURT RULES—COURT OF APPEALS—JUDGMENT—CIRCUIT COURT—TRIBUNALS.

> *A court rule concerning appeals by right and by leave to the Michigan Court of Appeals can be read as providing, in subdivision 1, a right of appeal, and as separately providing, in subdivision 2, that in appropriate circumstances the Court of Appeals may, without denigration of any right of appeal conferred in subdivision 1, grant leave to appeal from a final judgment entered by the circuit court on appeals from other tribunals as well as from other courts (GCR 1963, 806).*

12. APPEAL AND ERROR—EMPLOYMENT SECURITY COMMISSION—CIRCUIT COURT—COURT OF APPEALS.

> *The Legislature has provided a right of appeal in Michigan Employment Security Commission cases from the circuit court to the Michigan Court of Appeals; there is no good reason why the Michigan Supreme Court should want to take it away.*

Appeal from Court of Appeals, Division 2, Quinn, P. J., and McGregor and Bronson, JJ., denying application for leave to appeal from St. Clair, Stanley Schlee, J. Submitted April 3, 1974. (No. 8 April Term 1974, Docket No. 54,685.) Decided September 6, 1974.

Claim by Gary H. Lasher against Mueller Brass Company and the Michigan Employment Security Commission for unemployment compensation. Benefits denied. Plaintiff appealed to circuit court.

Affirmed. Plaintiff's application for leave to appeal denied by the Court of Appeals. Plaintiff appeals. Remanded to the Court of Appeals for consideration as on leave granted.

*John A. Fillion* and *Jordan Rossen (Edwin G. Fabre, Charles Looman, Leonard Page,* and *M. Jay Whitman,* of counsel), for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Felix E. League,* Assistant Attorney General, for defendant Michigan Employment Security Commission.

SWAINSON, J. In this appeal plaintiff poses in the alternative two jurisdictional questions for resolution by this Court.

1) Is there an appeal of right to the Court of Appeals from final circuit court judgments reviewing decisions of the Michigan Employment Security Commission (MESC)?

2) If there is not an appeal of right, did the Court of Appeals err in this case by denying plaintiff's application for leave to appeal?

Plaintiff does not ask the Court to resolve the underlying substantive issues in this case.

I

Plaintiff was disqualified from unemployment benefits on September 8, 1971 by the MESC Appeal Board. He timely appealed to the circuit court pursuant to MCLA 421.38; MSA 17.540. The circuit court found against plaintiff and affirmed the Appeal Board. Plaintiff then filed a claim of appeal with the Court of Appeals, which, on its own motion, dismissed plaintiff's claim of appeal for

lack of jurisdiction. The Court of Appeals issued an order stating:

"In this case a claim of appeal is filed from the judgment of the circuit court affirming the Michigan Employment Security Appeal Board, and it appearing to the Court that such judgment is not appealable as of right within the meaning of GCR 1963, 806.1

"It is ordered on the Court's own motion, that the appeal be and the same is hereby Dismissed for lack of jurisdiction. *Porter v State Board of Optometry,* 41 Mich App 150 [199 NW2d 666] (1972); *Evans v United States Rubber Company,* 379 Mich 457 [152 NW2d 641] (1967)."

In plaintiff's words, which were accepted by the MESC in its brief,

"This was the first time that Court of Appeals judges had ruled that there was no appeal as of right to the Court of Appeals from Circuit Court judgments in MESA [Michigan Employment Security Act] cases."

On appeal to this Court plaintiff argues that GCR 1963, 806.1 and MCLA 421.38; MSA 17.540 (Employment Security Act) require the Court of Appeals to hear MESA appeals as a matter of right. Plaintiff states that GCR 1963, 806.1 provides for an appeal of right to the Court of Appeals from *all* final judgments of the circuit court. GCR 1963, 806.1, in plaintiff's opinion, is made applicable to MESC appeals by reason of the last sentence of MCLA 421.38; MSA 17.540 which directs:

"An appeal may be had from the decision of said circuit court in the same manner as provided by the laws of this state with respect to appeals from circuit courts."

The MESC characterizes MCLA 421.38; MSA

17.540 as merely assuring to plaintiff the right to seek appeal beyond the circuit court level; the form of that appeal being governed by the general statutes and court rules pertaining to appeals from circuit court. The MESC makes specific reference to GCR 1963, 806.2(4) to demonstrate that the Court of Appeals correctly declined jurisdiction from plaintiff's claim of appeal.

After reviewing the arguments of the parties we have concluded that the Court of Appeals did not have the jurisdiction to hear plaintiff's case as a matter of right. The proper Court of Appeals review of MESA appeals is on leave granted as provided for in GCR 1963, 806.2(4). To more fully explain our holding we set forth the analysis which has led us to this conclusion.

A. Statutes and Court Rules.

The basic grant of authority to the Court of Appeals to hear cases is found in MCLA 600.308; MSA 27A.308 and MCLA 600.309; MSA 27A.309. MCLA 600.308 simply confers jurisdiction on the Court of Appeals but does not indicate when the Court must hear a case as a matter of right. MCLA 600.309 does state that, "[a]ll appeals to the Court of Appeals from final judgments or decisions permitted by this act shall be a matter of right." MESA appeals, however, are not decisions encompassed within this sentence. See, Practice Commentary, MCLA 600.631, p 324. Rather, MESA appeals are permitted by other statutes and court rules, and are therefore covered by the last portion of MCLA 600.309 which states that such "appeals * * * to the court of appeals permitted by statute or supreme court rule shall be by right or by leave as provided by the statute or the rules promulgated by the supreme court."

The statute specifically applicable to MESA appeals is MCLA 421.38. MCLA 421.38 grants the circuit court limited review powers over decisions of the Employment Security Appeal Board. The circuit court may reverse the Appeal Board for errors of law and for erroneous findings of fact when the factual findings of the Appeal Board are not supported by competent, material and substantial evidence on the whole record. MCLA 421.38 then proceeds to grant further review in the Court of Appeals by stating:

"An appeal may be had from the decision of said circuit court in the same manner as provided by the laws of this state with respect to appeals from circuit courts."

The final link in the chain of court rules and statutes applicable to MESA appeals is GCR 1963, 806. This rule enumerates in subsection 1 the situations where the Court of Appeals must grant appeal as of right and lists in subsection 2 the situations where leave to appeal is a proper method of procedure.

If subsection 1 could be read in isolation it would grant appeal in MESA cases as a matter of right since appeal is granted as a matter of right from the final judgments of the circuit court. The only exceptions listed in subsection 1—appeals from final judgments of "all other courts and from convictions for ordinance violations in the Traffic and Ordinance Division of the Recorder's Court"— do not encompass MESA appeals.

Subsection 1, however, does not stand alone. It must be read in conjunction with subsection 2 which provides for leave to appeal *only,* in certain specific situations. One of those situations is, "[a]ppeals from final judgments entered by the circuit

court on appeals from any other courts or tribunals." GCR 1963, 806.2(4). MESA appeals fit neatly within this definition and apparently are entitled to only leave to appeal status.

When subsections 1 and 2 are read together, it becomes apparent that MESA appeals are covered by subsection 2(4). It is more specific and definite in its application to MESA appeals than is subsection 1. And, as Chief Justice T. M. KAVANAGH stated in *People v Hall,* 391 Mich 175, 190; 215 NW2d 166 (1974):

"One of our most honored and longstanding * * * principles is that literal interpretations, and the inferences drawn therefrom, arising from general provisions of the statute or statutory section must be read so as to be limited and controlled by clear and express language found in other sections of the same statute."

B. Case Law.

The case law lends more support to the proposition that the Court has always treated MESA appeals as a matter of right than to the proposition that it was directed to do so by statutory law or court rule.

1. *Lee v Employment Security Commission,* 346 Mich 171, 179; 78 NW2d 309 (1956). (BLACK, J., concurring).

Justice BLACK in his concurring opinion pointed out that the Court normally treated MESA appeals as appeals as of right. It was his opinion, however, that these matters should properly be heard on leave to appeal.

2. *Bedwell v Employment Security Commission,* 367 Mich 415, 423; 116 NW2d 920 (1962). The Court noted its long-standing practice of treating MESA appeals as a matter of right. (Cases were

cited from 297 Mich through 358 Mich). Justice
DETHMERS writing for the majority continued:

"I see no reason for any other course here. Reference
is made to the subsequent adoption by this Court,
effective December 1, 1961, after appeal was taken in
this case, of the amendment to Court Rule No 60, § 1
(1945), expressly permitting taking of appeals as of
right in this kind of case. It is urged that this repre-
sents recognition that the procedure theretofore was
otherwise. We think rather that the amendment was in
recognition of and intended to clarify what had long
been the practice, right or wrong, in these cases."

The amendment to the court rule referred to in
*Bedwell* may be found at page xiv of 364 Mich.
The point of the amendment was to specifically
add to former court rule 60 a proviso that clearly
granted appeal as of right in unemployment com-
pensation cases.

3. *People v Brothman,* 4 Mich App 709; 145
NW2d 355 (1966). This case was relied upon by
counsel for appellant at oral argument. In *Broth-
man* the controlling question was:

"[W]hether a defendant, who was convicted of a mis-
demeanor in justice or municipal court and again con-
victed in circuit court on a trial *de novo* on appeal, may
appeal by right to the Court of Appeals from his circuit
court conviction."

The Court of Appeals in *Brothman* concluded
that there was, indeed, an appeal of right.

"Section 308 [MCLA 600.308] declares that the Court
of Appeals has jurisdiction on appeals from all final
judgments of the circuit court. Section 309 [MCLA
600.309] states that all appeals permitted by the act to
the Court of Appeals from final judgments are by right.
The logical conclusion is that all final judgments of the
circuit court are appealable by right to the Court of

Appeals. There is no question that the defendants in these cases are appealing from final judgments rendered by the circuit court. There is no exception made by this statute for cases that originated in a lower tribunal but terminated with a final circuit court judgment."

Although *Brothman* is not directly in point, it would be persuasive precedent in the present situation but for the fact that it predates both the amendment to GCR 1963, 806 that added subsection 2(4)[1] and the amendment to MCLA 600.308[2] that significantly limited the situations in which a leave as of right was proper. Prior to these amendments, GCR 1963, 806.2 made no specific reference to cases heard in circuit court on appeal from the district court and MCLA 600.308 did not specifically state that, "[a]ppeals from final judgments from all other courts * * * shall be taken to the circuit courts, upon which further review may be had only upon application for leave to appeal granted by the Court of Appeals."

4. *Porter v Board of Optometry,* 41 Mich App 150; 199 NW2d 666 (1972). In *Porter* the Court of Appeals declined to accept plaintiff's argument that an appeal of right could be had from a circuit court review of the decision of the State Board of Examiners in Optometry. In reaching its decision, the Court of Appeals noted that leave to appeal is the only permissible method for review of decisions of administrative tribunals such as the Workmen's Compensation Appeal Board which are appealable directly to the Court of Appeals. It

[1] GCR 1963, 806.2(4) became effective on February 13, 1969. *See* 381 Mich lxxvii. There are no committee notes available that provide any insight as to why this particular subsection was added in 1969.

[2] MCLA 600.308 was amended to read as it presently does by 1968 PA 116. The text of this section prior to amendment may be found in the present edition of the MCLA. The amended section is found in the pocket part.

then reasoned that it would be illogical to hold that cases appealable directly to the Court of Appeals could be handled on a leave granted basis, while cases that had the benefit of circuit court review were entitled to leave as a matter or right in the Court of Appeals.

5. *Hoffman v SOS Consolidated, Inc,* 45 Mich App 163; 206 NW2d 214 (1973). Plaintiff cites in his brief this recent case in which former Justice O'HARA began his opinion with these words:

"This is an employment-security-benefit case before us on appeal of right from an order of the circuit court affirming a determination of the appeal board of the commission."

No discussion was offered in *Hoffman* of the procedural issue now under consideration.

C. Summary.

Plaintiff has correctly stated that the courts have always (except in the present case) granted MESA appeals as a matter of right; but, long-standing practice alone cannot overcome a logical reading of the words of the statute. Prior to the addition of GCR 1963, 806.2(4) there was a solid argument for plaintiff's position. After the amendment, however, if the words of the court rule are to be read as their plain meaning would indicate, MESA appeals may now be had only on a leave to appeal basis.

If this Court desires to change the effect of GCR 1963, 806.2(4) it is incumbent upon the Court to amend the rule.

It is generally considered better appellate procedure to have a review by a multiple judge bench, and this Court will amend the rule accordingly. The current statute, MCLA 421.38; MSA 17.540,

however, requires that there be an appeal to the circuit court, and this Court urges the Legislature to eliminate this requirement by the appropriate amendment.

## II

This case in our opinion presents issues of law that merit appellate review. However, we are not able to address or comment upon these issues at this time. The parties have limited their briefs and arguments to the two procedural issues raised in plaintiff's appeal. Accordingly, they have not had an opportunity to fully present the substantive merits of this case to us for review.

In order to achieve a proper appellate consideration of the merits we have available two alternative dispositions. First, we could remand to the Court of Appeals for its consideration as on leave granted; or, second, we could direct the parties to brief and argue the substantive issues in this Court. In our opinion, remand to the Court of Appeals is the preferable method of disposition. The parties should receive an expeditious consideration of their case in the Court of Appeals; and, if further appellate review is applied for, we will have available the reasoning of the Court of Appeals opinion.

The Court of Appeals "Order Denying Plaintiff's Application for Leave to Appeal" filed March 13, 1973, is hereby vacated and the cause remanded to the Court of Appeals for consideration as on leave granted.

T. M. KAVANAGH, C. J., and WILLIAMS, M. S. COLEMAN, and J. W. FITZGERALD, JJ., concurred with SWAINSON, J.

*APPENDIX*

Statutes and Court Rules.

GCR 1963, 806.1 and .2

Rule 806. Appeals by Right and by Leave.

.1 Appeal as of Right. In all criminal and civil matters, an aggrieved party shall have a right to appeal from all final judgments or final orders from the circuit courts, court of claims and recorder's court, except judgments on ordinance violations in the traffic and ordinance division of recorder's court. Appeals from final judgments from all other courts and from convictions for ordinance violations in the traffic and ordinance division of the recorder's court shall be taken to the circuit courts, upon which further review may be had only upon application for leave to appeal granted by the Court of Appeals. Final judgments or interlocutory orders of courts which by law are appealable to the circuit court only upon leave or on appeal are to be tried de novo in the circuit court shall continue to be tried in the circuit court. See subrule 701.1. Appeals from final or interlocutory judgments of the district court, common pleas court, or judgments in ordinance cases in the traffic and ordinance division of recorder's court shall be taken to the circuit court in which such court is located. Appeals as of right shall be taken in accordance with and within the time prescribed by these rules. [Amended Dec. 5, 1968; Feb. 13, 1969.]

.2 Appeal by Leave. The Court of Appeals may grant leave to appeal from:

*   *   *

(4) Appeals from final judgments entered by the circuit court on appeals from any other courts or tribunals.

* * *

MCLA 421.38 (Employment Security Act)

The circuit court of the county in which the claimant resides * * * shall have power to review questions of fact and law on the record made before the referee and the appeal board involved in any such final order or decision of said appeal board, and to make such further orders in respect thereto as justice may require, but said court may reverse such order or decision only if it finds that such order or decision is contrary to law or is not supported by competent, material and substantial evidence on the whole record. * * * An appeal may be had from the decision of said circuit court in the same manner as provided by the laws of this state with respect to appeals from circuit courts.

MCLA 600.308 (Revised Judicature Act)

Sec. 308. The court of appeals has jurisdiction on appeals from:

(1) All final judgments from the circuit courts, court of claims, and recorder's court, except judgments on ordinance violations in the traffic and ordinance division of recorder's court. Appeals from final judgments from all other courts and from convictions for ordinance violations in the traffic and ordinance division of recorder's court shall be taken to the circuit courts, upon which further review may be had only upon application for leave to appeal granted by the court of appeals.

* * *

MCLA 600.309.

Sec. 309. All appeals to the court of appeals from final judgments or decisions permitted by this act shall be a matter of right. All other appeals from other judgments or orders to the

court of appeals permitted by statute or supreme
court rule shall be by right or by leave as provided
by the statute or the rules promulgated by the
supreme court.

Levin, J. *(separate opinion).* The Court, unwisely
in my opinion, asserts the power to eliminate by
court rule appeal as a matter of right to the Court
of Appeals in Michigan Employment Security
Commission cases, granted by act of the Legisla-
ture.

Since the Constitution secures "an appeal as a
matter of right" only in a "criminal prosecution",[1]
the Court asserts nothing less than the power to
control, without regard to the will of the Legisla-
ture, whether there shall be an appeal as of right
to the Court of Appeals (or, as the case may be,
the circuit court) in civil cases.[2]

I

The Employment Security Act provides that
decisions of the Employment Security Appeal
Board are subject to review by the circuit court.
The Act further provides:

"An appeal may be had from the decisions of said
circuit court *in the same manner* as provided by the
laws of this state in respect to appeals from circuit
courts." (Emphasis supplied.) MCLA 421.38; MSA
17.540.

Decisions of the circuit court are appealable as

---

[1] Const 1963, art 1, § 20.

[2] There is no doubt of this Court's power to control its own appel-
late jurisdiction. Const 1963, art 6, § 4.

"a matter of right" to the Court of Appeals under RJA §§ 308, 309.[3]

RJA § 308 provides that the Court of Appeals "has jurisdiction on appeals from * * * [a]ll final judgments from * * * the circuit courts * * * ." The first sentence of RJA § 309 provides that appeals to the Court of Appeals from final judgments or decisions "permitted by this act", *e.g.,* RJA § 308, "shall be a matter of right."

The second sentence of RJA § 309 states that as to "[a]ll other appeals" to the Court of Appeals, the question of whether the appeal shall be as of right or by leave will depend on the statute or court rule "permitting" the appeal. Since MESC appeals are appeals from the circuit court, appeals "permitted by this act", it is arguable that such appeals are not an "other appeal". However, if the specific is thought to govern the general and, therefore, the Employment Security Act governs, the result is the same because that act provides that "[a]n appeal may be had from the decisions of said circuit court in the same manner as provided by the laws of this state in respect to appeals from circuit courts", *i.e.,* under RJA § 308 and the first sentence of RJA § 309, as of right.

---

[3] Sec. 308. The Court of appeals has jurisdiction on appeals from:

"(1) All final judgments from the circuit courts, court of claims, and recorder's court, except judgments on ordinance violations in the traffic and ordinance division of recorder's court. Appeals from final judgments from all other courts and from convictions for ordinance violations in the traffic and ordinance division of recorder's court shall be taken to the circuit courts, upon which further review may be had only upon application for leave to appeal granted by the court of appeals.

"(2) Such other judgments or interlocutory orders as the supreme court may by rule determine." MCLA 600.308; MSA 27A.308.

"Sec. 309. All appeals to the court of appeals from final judgments or decisions permitted by this act shall be a matter of right. All other appeals from other judgments or orders to the court of appeals permitted by statute or supreme court rule shall be by right or by leave as provided by the statute or the rules promulgated by the supreme court." MCLA 600.309; MSA 27A.309.

The Court, nevertheless, today holds that a court rule, Rule 806.2(4), has eliminated the appeal as of right to the Court of Appeals granted by the Employment Security Act and RJA §§ 308, 309:

"Rule 806 Appeals by Right and by Leave * * *

".2 Appeal by leave. The Court of Appeals may grant leave to appeal from: * * *

"(4) Appeals from final judgments entered by the Circuit Court on appeals from any other courts *or tribunals.*" (Emphasis supplied.)

Subdivision (4) of Rule 806.2, "any other courts or tribunals", was added in February, 1969,[4] following a 1968 amendment[5] of RJA § 308[6] eliminating direct appeal to the Court of Appeals from *courts* other than the circuit court, recorder's court and court of claims and providing that appeals from "all other courts" and the traffic and ordinance division of recorder's court shall be taken to the circuit court "upon which further review may be had only upon application for leave to appeal granted by the court of appeals."

Although the 1968 amendment of RJA § 308 speaks only of appeals from final judgments from "all other *courts*", when GCR 1963, 806 was amended in February, 1969, to "conform to the

[4] 381 Mich lxxviii.

[5] 1968 PA 116.

[6] Before the amendment effected by 1968 PA 116, RJA § 308 read:

"The court of appeals has jurisdiction on appeals from:

"(1) All final judgments from the recorder's court, superior court, circuit courts and court of claims.

"(2) All final judgments from justice courts, police courts, municipal courts, probate courts, common pleas courts, or other court inferior to the circuit courts, which on appeal are not triable de novo. All appeals from final judgments from the aforementioned courts which are triable de novo shall continue to be taken to the circuit courts.

"(3) Such other judgments or interlocutory orders as the supreme court may by rule determine."

statutory changes", the words "or *tribunals"* were
added by mistake.[7]

---

[7] In the fall of 1968 the Court was confronted with a plethora of
new court rules. District Court Rules (135 pages) were adopted December 5, 1968. 381 Mich cxxxvi. The Juvenile Court Rules of 1969 (28
pages) were also adopted December 5, 1968. 381 Mich cv. The amendment adding .2(4) to GCR 1963, 806 was adopted February 13, 1969
together with other amendments to the General Court Rules (about
38 pages in length), 381 Mich xli.

These multitudinous rule changes were prepared by persons other
than the Justices themselves.

It appears that the amendments to the General Court Rules were
prompted primarily by the adoption of the District Court Rules and
the amendment of RJA § 308. A memorandum prepared for the
Justices, dated September 26, 1968, states:

"A major amendment to GCR is required by reason of the statutory
change whereby appeals from both the Common Pleas Court and the
District Court will go to the Circuit Court rather than to the Court of
Appeals. Act No 116, P.A. 1968. Such appeals will not be heard de
novo but will be heard on the record in the lower court."

Attached to this memorandum are a number of proposed changes
in the General Court Rules, including a proposed amendment to Rule
806.

The memorandum states, "Changes in the new subsections (2) and
(4) *conform to the statutory changes."* (Emphasis supplied.):

*"Rule 806.1*

"Inasmuch as the only appeals as of right to the court of appeals
will be from final judgments of the circuit court, recorders court and
court of claims, the first sentence is modified by eliminating reference
to all other courts. There is also added language to conform the rule
to the statutory amendment calling for appeals from the district and
common pleas courts to be taken to the circuit courts. Act No. 116, P.
A. 1968."

*"Rule 806.2*

"Subsection (3) is eliminated because it is included in the new
subsection (2). Changes in the new subsections (2) and (4) conform to
the statutory changes. See also comment under subrule .1 above."

The memorandum of September 26, 1968 was followed by additional
memoranda. A January 21, 1969 memorandum states that a series of
amendments to the General Court Rules is required because a method
of appeal must be provided to the circuit court from the district and
common pleas court and the traffic and ordinance division of recorder's court, that such changes stem from the creation of the district
court and the provisions of 1968 PA 116 amending RJA § 308 and
that amendments were also required because of the elimination of the
circuit court commissioners and the justices of the peace. Attached to
the memorandum are proposed court rules, including a proposed
amendment of Rule 806. The new rules were adopted at a Court
conference on February 10, 1969.

It is apparent that through inadvertence the words "or tribunals"

There is less reason to surround a court rule with an aura of infallibility than a judicial decision. Judicial decisions are rendered in the crucible of adversary presentation following pleadings which frame issues, trials directed to the issues, frequently opinions of lower courts, briefing in those courts and in this court, oral argument and conference discussion following the circulation of draft opinion(s).

Court rules, in contrast, are developed in a nonadversary context. They frequently concern abstractions about which the Court is inadequately informed. The generalizations embodied in a rule often have a reach beyond its immediate purpose and what is in the minds of the Justices who read and discuss the rules preceding their adoption. By its very nature, a court rule is all obiter dictum. There is no hard, concrete, narrow case to confine the general to the specific.

The United States Supreme Court has said, "The fact that this Court promulgated the [bankruptcy] rules as formulated and recommended by the Advisory Committee does not foreclose consideration of their validity, meaning or consistency." *Mississippi Publishing Corp v Murphree*, 326 US 438, 444; 66 S Ct 242, 246; 90 L Ed 185, 191 (1946). In *Meek v Centre County Banking Co*, 268 US 426; 45

---

were added. The person who prepared the memoranda added those words in an exuberant or inattentative moment. His intention, as stated to the Court, was to do no more than to make changes required to conform Rule 806 to the changes in RJA § 308 wrought by 1968 PA 116. It is unlikely that the individual Justices, confronted with reams of new court rules and supporting memoranda, compared them word-for-word with the statute. It was not detected that the words "or tribunals" did not "conform" to the statutory change.

The Court of Appeals was not consulted before these rule changes were made.

An error of this kind is less likely to occur today now that this Court has created its own staff committee. But error there was, and the error should be corrected.

S Ct 560; 69 L Ed 1028 (1925), the Court struck down one of the general orders in bankruptcy it had promulgated under rule-making power conferred by Congress.

This Court has on more than one occasion overruled a prior judicial decision which on mature reflection appeared to have been a mistake or no longer justified. It should not hesitate to rewrite a mistake in a court rule.

II

The Court says that subdivision 1 of Rule 806 "must be read in conjunction with subsection 2 which provides for leave *only,* in certain specific situations." (Emphasis in original.) The qualifying word "only" does not appear in subdivision 2.

There is no need to read subdivisions 1 and 2 as mutually exclusive, to read subdivision 2 as eliminating a right of appeal provided in subdivision 1.

Subdivision 2 begins, "The Court of Appeals *may* grant leave to appeal from * * * ." (Emphasis supplied.) Examination of clauses (1)–(5) of subdivision 2 demonstrates that the mutually exclusive construction placed by the Court on subdivisions 1 and 2 has no meaning except as to the "or tribunals" mistake.[8]

---

[8] (1) Clause (1), "Final or interlocutory judgments or orders of administrative agencies or tribunals which by law are appealable to the Court of Appeals or the Supreme Court", concerns those agencies or tribunals where review, by statute, was *directly* by the Supreme Court and, after the establishment of the Court of Appeals, is to the Court of Appeals, *without intervening review by the circuit court.* Rule 806.1 grants a right of appeal only from the circuit court, recorder's court and the court of claims.

(Long before the establishment of the Court of Appeals it was established that direct review would be only by leave. Court Rule No 60 [1945]. Also, parenthetically, *Porter v Board of Optometry,* 41 Mich App 150; 199 NW2d 666 (1972), does not rely on Rule 806.2[4] but on Rules 806.2[1] and 806.6, concerning direct appeals to the Court of Appeals from administrative agencies.)

(2) Clause (2), "[a]ny judgment, order, act or failure to act * * *

Since the only inconsistency between subdivisions 2 and 1 is the "or tribunals" clause, and this is also inconsistent with the statutory framework, subdivision 2 can properly be seen as complementing and supplementing, not as qualifying, subdivision 1. There is no need to read into subdivision 2 the word "only". Rule 806 can be read as providing, in subdivision 1, a right of appeal, and as separately providing, in subdivision 2, that in appropriate circumstances the Court of Appeals may, without denigration of any right of appeal conferred in subdivision 1, grant leave to appeal from a final judgment entered by the circuit court on appeals from other tribunals as well as from other courts.

### III

The Constitution provides:

"The jurisdiction of the court of appeals shall be provided by law and the practice and procedure therein shall be prescribed by rules of the supreme court." Const 1963, art 6, § 10.[9]

---

which is not a final judgment appealable as of right", concerns situations not covered by Rule 806.1, which concerns only "final" judgments and orders.

(3) Clause (3) provides that certain domestic relations orders shall be deemed interlocutory, not final, and therefore appealable only by leave. This simply makes clear, in a particular situation, what is not a final order or judgment. There is no inconsistency with Rule 806.1.

(4) Nor does so much of clause (4) as speaks of "[a]ppeals from final judgments entered by the circuit court on appeals from any other courts" conflict with Rule 806.1. Rule 806.1, repeating the 1968 amendment of RJA § 308, expressly provides, "[a]ppeals from final judgments from all other courts and from convictions for ordinance violation in the traffic and ordinance division of the recorder's court shall be taken to the circuit courts, upon which further review may be had only upon application for leave to appeal granted by the Court of Appeals."

(5) Nor is there any inconsistency between Rules 806.1 and clause (5): "Such other matters as are provided by the rules of the Supreme Court or other laws." This is based on RJA § 308(2), fn 3.

[9] There are similar constitutional provisions granting the Legisla-

There is recent dictum of this Court that is at least some authority that the Legislature has the power to "provide by law" for a right of appeal.[10]

Decision in this case should not, however, in my opinion, turn on an exegesis of whether appeal as of right or on leave is a matter of "jurisdiction" or of "practice or procedure". Respectable arguments can be made on both sides of that question.

Be that as it may, for me it is enough that the Legislature has provided a right of appeal. I can think of no good reason why the Court should want to take it away; the Court recognizes that an appeal as of right from the circuit court has been allowed in MESC cases for over 30 years, originally to this Court, then, after its establishment, to the Court of Appeals.

---

ture control of the jurisdiction of the circuit, probate and other courts. Const 1963, art 6, §§ 13, 15, 26. If the power of the Legislature to establish the jurisdiction of the Court of Appeals does not encompass the power to decide whether an appeal to that Court shall be as of right or by leave then, perhaps, its power to establish the jurisdiction of the circuit, probate and district courts does not preclude the adoption by this Court of a court rule authorizing the judges of those courts to decide as a matter of discretion whether to entertain an action at all.

[10] In *Evans v United States Rubber Co,* 379 Mich 457, 461; 152 NW2d 641 (1967), this Court rejected a contention that Const 1963, art 6, § 28, providing that all final decisions, findings, rulings, orders of any administrative officer or agency which are judicial or quasi-judicial and affect private rights or licenses "shall be subject to direct review by the courts as provided by law", secures an appeal as of right in workmen's compensation cases:

"We do not read the above language, 'shall be subject to direct review by the courts as provided by law', to mean that in each such case review shall be compulsory or as of right upon its being invoked by either party but only that review shall be had when, in the exercise of judicial judgment and discretion, the court shall, on application so determine, *or when so provided by law."* (Emphasis supplied.)

The Court stressed: "No statute provides for such appeal as of right," and that the court rule (then 806.2[2], renumbered February, 1969, 806.2[1]) provides for leave to appeal—as it has for a long time *(see* Court Rule No 60 [1945])—where the appeal is directly from the administrative agency to the Court of Appeals.

The "or tribunals" language was a mistake. I would confess error, amend the court rule and remand this case to the Court of Appeals for filing of plaintiff's claim of appeal as of right.

T. G. KAVANAGH, J., concurred with LEVIN, J.