## BLOM v THERMOTRON CORPORATION

Docket No. 74784. Submitted May 3, 1984, at Grand Rapids.—Decided August 21, 1984.

Sonia Blom was found by the Michigan Employment Security Commission to be ineligible for unemployment benefits because she voluntarily left work without good cause attributable to her employer, Thermotron Corporation. That decision was affirmed on appeal by Ottawa Circuit Court, Calvin L. Bosman, J. Blom appeals, claiming that she was rehired and subsequently fired by her supervisor after she voluntarily left work without good cause. *Held:*

1. The court rules allow an appeal as of right to the Court of Appeals in the circumstances presented in this case.

2. A decision of the commission can be reversed on appeal only if it was contrary to law or not supported by competent, material, and substantial evidence on the whole record. Blom's contention that the hearing referee made no finding that her supervisor had no authority to rehire her is of no avail. Findings of fact are sufficient where it is manifest that the fact finder was aware of the factual issue, that he resolved it, and that it would not facilitate appellate review to require further explanation of the path followed by the fact finder in reaching the result. The record demonstrates that the referee in this case was aware of the issue and resolved it. There is no need to remand the case to the commission for further findings of fact. Furthermore, Blom had the burden of proving that her supervisor did have authority to rehire her, but she introduced no evidence tending to show that authority.

Affirmed.

1. UNEMPLOYMENT COMPENSATION — APPEAL — APPEALS AS OF RIGHT — COURT RULES.

The court rules allow an appeal as of right from a circuit court's

REFERENCES FOR POINTS IN HEADNOTES
[1] 2 Am Jur 2d, Administrative Law §§ 769, 770.
[2] 76 Am Jur 2d, Unemployment Compensation §§ 93, 94.
[3] 2 Am Jur 2d, Administrative Law § 765.
  5 Am Jur 2d, Appeal and Error § 974.

decision upholding or overturning a determination made by the Michigan Employment Security Commission (GCR 1963, 806.1).

2. UNEMPLOYMENT COMPENSATION — APPEAL — EVIDENCE.
    A decision of the Employment Security Commission can be reversed on appeal only if it was contrary to law or not supported by competent, material and substantial evidence on the whole record.

3. APPEAL — FINDINGS OF FACT — REMAND.
    Remand for further findings of fact is not necessary where an administrative agency or a trial court failed to make specific findings of fact on an issue if it is manifest that the fact finder was aware of the factual issue, that it resolved the factual issue, and that appellate review would not be facilitated by requiring further explanation of the path followed by the fact finder in reaching the result.

*Meana & Spruit, P.C.* (by *Nanette M. Sorensen),* for claimant.

*Miller, Johnson, Snell & Cummiskey* (by *Timothy A. Van Wingen),* for Thermotron Corporation.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Jack Blumenkopf,* Assistant Attorney General, for Michigan Employment Security Commission.

Before: BEASLEY, P.J., and ALLEN and M. B. BREIGHNER,* JJ.

PER CURIAM. This case presents a contested claim for unemployment benefits. The Employment Security Commission initially determined that claimant was inelegible for benefits because she voluntarily left work without good cause attributable to the employer, MCL 421.29(1)(a); MSA 17.531(1)(a). On redetermination pursuant to MCL 421.32a; MSA 17.534(1), however, the commission held that claimant was entitled to benefits. Claim-

* Circuit judge, sitting on the Court of Appeals by assignment.

ant's former employer, Thermotron Corporation, appealed, and the matter was heard by a referee pursuant to MCL 421.33; MSA 17.535. The referee found that claimant voluntarily left work without good cause attributable to her employer and declared claimant ineligible for benefits. The decision of the referee was affirmed by the Employment Security Board of Review on appeal by claimant pursuant to MCL 421.34; MSA 17.536, and the decision of the board was affirmed in turn by the circuit court on review pursuant to MCL 421.38; MSA 17.540. Claimant appeals as of right.

Thermotron Corporation points to *Lasher v Mueller Brass Co,* 392 Mich 488; 221 NW2d 289 (1974), and argues that this appeal is not properly before this Court as an appeal as of right. The *Lasher* decision, however, is now obsolete, because it was based on language which was formerly contained in GCR 1963, 806.2(4), but which was removed from the rule to avoid the result reached in *Lasher.* See 394 Mich xlii (1975) and *Lasher, supra,* 392 Mich 493-495, 498. Under the current version of the rule, GCR 1963, 806.1 allows an appeal as of right to this Court in the circumstances presented here.

The following facts were found by the referee and are conceded by the parties on appeal to be correct:

"The claimant started with the employer in October of 1979 and prior to her separation was a $5.50 per hour employee in the Cost Accounting Department. The claimant normally worked 40 hours a week, Monday through Friday, starting at 8 a.m. and terminating at 5:00 p.m. daily. The claimant had two supervisors, Richard Santamaria and Scott Weatherveen. The claimant's separation came about on October 26, 1981 when the claimant walked off the job.

"The claimant reported to work on the morning of

October 26, 1981 after a sleepless night and a personally trying weekend. When the claimant reported to her work station a space heater, company property, which normally was on or about the claimant's desk was not there. The claimant talked to one of her supervisors, Mr. Santamaria, and he told her to go get the heater. It so happens that when Mr. David Stumler had reported to work that morning at approximately 7:15 a.m., 45 minutes before the claimant's appearance, he had removed the heater and placed it in the larger reception area which he concluded had been very cold. Mr. Stumler had surmised that the heat had been turned off over the weekend and, consequently, the rather large reception area had become cold. After talking to Mr. Santamaria, the claimant proceeded to Mr. Stumler's office and asked him if he had taken the heater and after he replied, 'yes', without looking up from his desk, the claimant who apparently did not hear the reply said, 'okay, I quit.' The claimant then left Mr. Stumler's office, went to Scott Weatherveen and told him that she quit, went to her desk, got her purse and belongings and went home. At approximately 9:30 a.m. someone from the Personnel Department called the claimant and spoke to her. The claimant apparently was still upset at the time and later apparently went to bed.

"In the evening of October 26, 1981, the claimant called Mr. Santamaria, after having second thoughts, and inquired if she could come back to work. Mr. Santamaria responded that he saw nothing wrong with it. However, Mr. Santamaria went to his superiors, Mr. Stumler and Mr. Kerschen, to discuss the matter. After a evaluation of the claimant's behavior that morning, it was the general consensus that the company should not let the claimant come back to work. Mr. Santamaria, who had not given the problem serious thought up to that point, concluded during the discussion that it would be a bad precedent to let the claimant return to work and, further, that said precedent would be bad for morale among the other 14 to 16 workers in the Accounting Department. He later called the claimant approximately an hour after the first telephone call from the claimant and told her she could not come back."

The facts found by the referee led him to the following conclusion:

"Under these circumstances, and considering all the credible and competent evidence before the Referee, it must be concluded that this claimant's leaving was a voluntary leaving which was not attributable to the employer. It is apparent that the claimant's behavior on the morning in question was a consequence of the claimant's disposition on that morning and said disposition was the result of occurrences on the weekend that had nothing to do with this employer. In *McGee v Jervis B Webb Co, Inc,* Case No. 80-004-405 AE, Wayne Circuit Court (June 4, 1980), the Court stated to the effect that an employee "* * * does not have the unilateral right to rescind his resignation at will." In that case, the employee had told the employer he was quitting and he left work without authorization. Later in the same day, the employee, after second thought, attempted to revoke his resignation, the Court said he could not. The rationale in *McGee, supra,* is equally applicable in this case."

The referee's findings of fact and conclusions of law were adopted by the majority of the Employment Security Board of Review.

On appeal, claimant does not challenge the finding that she voluntarily quit work on October 26, 1981, or the legal conclusion that an employee does not have the right to rescind at will a resignation. However, claimant argues that she was rehired in her first telephone conversation with Mr. Santamaria on October 26 and that she was discharged in her second conversation with him that day. Thermotron and the Employment Security Commission argue that Mr. Santamaria was not authorized to hire anyone, but claimant responds that the referee made no such finding and that there was no evidence in the record to support such a finding.

A decision of the Employment Security Commission can be reversed on appeal only if it was contrary to law or not supported by competent, material, and substantial evidence on the whole record. See, for example, *Butler v Newaygo,* 115 Mich App 445, 448; 320 NW2d 401 (1982). Although the referee here failed to make an express finding of fact as to whether Mr. Santamaria was authorized to rehire claimant, as was pointed out in another context in *People v Jackson,* 390 Mich 621, 627, fn 3; 212 NW2d 918 (1973), findings of fact are sufficient where it is manifest that the fact finder was aware of the factual issue, that he resolved it, and that it would not facilitate appellate review to require further explanation of the path followed by the fact finder in reaching the result. The initial determination and redetermination of claimant's eligibility for benefits and the various documents submitted to the commission by the parties demonstrate that all concerned here were aware that a crucial factual issue was whether Mr. Santamaria had authority to rehire claimant. The determination, redetermination, and documents at issue were made part of the record at the hearing before the referee. The referee's reference to a case holding that an employee does not have the unilateral right to rescind a resignation at will, and the referee's finding that the case to which he referred controlled the outcome of the case before him, demonstrates that the referee must have determined that Mr. Santamaria did not have the authority to rehire claimant. The record demonstrates that the referee was aware of the issue and resolved it. On this record, we see no need to remand the case to the commission for further findings.

At the hearing before the referee, two written statements by Thermotron's personnel officer were

admitted into evidence without objection. The statements indicated that Mr. Santamaria had no authority to rehire claimant. Moreover, claimant bore the burden of proof in the proceedings. *Cooper v University of Michigan,* 100 Mich App 99, 103-105; 298 NW2d 677 (1980). Claimant introduced no evidence tending to show that Mr. Santamaria had the necessary authority. Claimant's claim that there was no competent, material, and substantial evidence in the record to support a finding that Mr. Santamaria had no authority to rehire her was therefore without merit.

Affirmed.