RAMBLEWOOD ASSOCIATES v CITY OF WYOMING

Docket Nos. 77-958, 77-959. Submitted February 7, 1978, at Lansing.— Decided April 4, 1978.

Ramblewood Associates petitioned the Michigan Tax Tribunal for a redetermination of the assessed valuation of their property within the City of Wyoming and for a property tax refund. The Tax Tribunal redetermined the valuation and ordered a refund less than that sought by the petitioners. Petitioners appeal, questioning: (1) the Tax Tribunal's use of an income figure based on market rental rather than capitalizing actual income when it determined the actual cash value of the property using the capitalization of income approach, (2) the Tribunal's failure to adjust its valuation to reflect the property's disadvantages of location, and (3) the Tribunal's use of an appraisal based on average rent per square foot of alleged comparable property without proof of size of the comparable apartments. *Held:*

1. Any method for determining true cash value which is recognized as accurate and reasonably related to fair market valuation is an acceptable indicator of true cash value. Therefore, although the Tribunal was required to consider actual rental in determining true cash value, it was not precluded from making appropriate adjustments where, in its judgment, market rental in comparable properties or other relevant considerations made the capitalization of an adjusted income figure a more reliable indicator of true cash value.

2. The relevant statute only requires *consideration* of the property's location and no adjustment was necessary where the Tribunal found that any disadvantages of location were balanced by other variables that contributed to the value of the subject property.

3. The record indicates that the Tax Tribunal did consider the size disparities between the petitioner's units and those

REFERENCES FOR POINTS IN HEADNOTES

[1–4] 72 Am Jur 2d, State and Local Taxation §§ 754, 759.
[3] 72 Am Jur 2d, State and Local Taxation §§ 760, 761.
Income or rental value as factor in evaluation of property for purposes of taxation. 96 ALR2d 666.

relied upon by the Tribunal in arriving at an average rent per square foot figure and did make appropriate adjustments in the valuation of the petitioner's property.

Affirmed.

1. TAXATION—PROPERTY—ASSESSMENT—TRUE CASH VALUE—CONSTITUTIONAL LAW.

Property is to be assessed according to its true cash value for purposes of taxation (Const 1963, art 9, § 3).

2. TAXATION—PROPERTY—ASSESSMENT—TRUE CASH VALUE—SELLING PRICE—FAIR MARKET VALUE.

The standard for determining the "true cash value" of property for the purpose of tax assessments is the usual selling price or fair market value of the property; any method for determining true cash value which is recognized as accurate and reasonably related to fair market valuation is an acceptable indicator of true cash value.

3. TAXATION—PROPERTY—ASSESSMENT—TRUE CASH VALUE—TAX TRIBUNAL—APARTMENT BUILDING—RENTAL—CAPITALIZATION OF INCOME—STATUTES.

The Tax Tribunal, in determining the assessed valuation for an apartment building, is required to consider actual rental in determining true cash value; however, this does not preclude the Tribunal from making appropriate adjustments where, in its judgment, market rental in comparable properties or other relevant considerations make the capitalization of an adjusted income figure a more reliable indicator of true cash value (MCLA 211.27; MSA 7.27).

4. TAXATION—PROPERTY—ASSESSMENT—LOCATION OF PROPERTY—TAX TRIBUNAL—STATUTES.

Consideration of the location of a piece of property is required for determining the assessed valuation for tax purposes; however, this does not require an adjustment in valuation where the Tax Tribunal finds that any disadvantages of location are balanced by other variables that contribute to the value of the subject property (MCLA 211.27; MSA 7.27).

*Travis, Warren, Nayer & Burgoyne, P. C.,* for petitioner.

*Peter W. Steketee,* for respondent.

Before: N. J. KAUFMAN, P. J., and D. E. HOL-BROOK, JR. and D. F. WALSH, JJ.

D. F. WALSH, J. Petitioner appeals from an order of the Michigan Tax Tribunal establishing the value of petitioner's apartment complex for the years 1974 through 1976. The case presents three questions:

(1) In determining value using the capitalization of income approach did the Tribunal err in capitalizing an income figure based on market rental rather than capitalizing actual income?

(2) Did the Tribunal err in failing to adjust its valuation to reflect the property's disadvantages of location?

(3) Did the Tribunal err in utilizing an appraisal based on average rent per square foot of alleged comparable property without proof of similarity of size of the comparable apartments?

For purposes of taxation property is to be assessed according to its true cash value. Const 1963, art 9, § 3. The standard for determining "true cash value" is the usual selling price or fair market value of the property. Any method for determining true cash value which is recognized as accurate and reasonably related to fair market valuation is an acceptable indicator of true cash value. *CAF Investment Co v State Tax Commission,* 392 Mich 442; 221 NW2d 588 (1974).

In the instant case the Tribunal determined that the actual rent charged by petitioner was below the market rental for comparable property. It therefore utilized an amount somewhat in excess of actual rent in its capitalization of income calculations in order to make what was, in its judgment, a more accurate determination of the fair market value of the property.

Petitioner, however, argues that MCLA 211.27; MSA 7.27[1] requires that actual income must be the basis for calculating true cash value by the capitalization of income approach. As authority for its position, petitioner cites *CAF Investment Co v State Tax Commission, supra,* and *CAF Investment Co v Saginaw Twp,* 79 Mich App 559; 262 NW2d 863 (1977) (hereinafter *CAF v Saginaw).* Our reading of these cases leads us to a different conclusion.

The precise issue decided in *CAF Investment Co* was described by the Supreme Court as follows:

"The principal question of jurisprudential significance on this appeal is whether, under Michigan law, the tax commission was entitled to consider and give weight to evidence of valuation based upon a rate of return which comparable, unencumbered property could earn in the present marketplace *in the face of an existing unfavorable long-term lease* with an actual rate of return which is substantially less than the present 'going rate' ". *CAF Investment Co v State Tax Commission, supra,* at 447. (Emphasis added.)

The Court rejected the Tribunal's valuation in *CAF Investment Co* because *in view of the unfavorable long-term lease,* the Tribunal's approach bore "insufficient relation to true cash value as defined by the constitution and by statute". *Id.* at 454–455. The requirement of using actual rental

---

[1] " 'Cash value, means the usual selling price at the place where the property to which the term is applied shall be at the time of assessment, being the price which could be obtained for the property at private sale, and not at forced or auction sale. * * * In determining the value the assessor shall also consider the advantages and disadvantages of location, quality of soil, zoning, existing use, present economic income of structures, including farm structures and present economic income of land when the land is being farmed or otherwise put to income producing use, quantity and value of standing timber, water power and privileges, mines, minerals, quarries or other valuable deposits known to be available therein and their value."

income, therefore, was limited to the facts of that case.

"It is only because *in this case* the record indicates that long-term lease rental fairly reflects economic circumstances at the outset of the lease term and bears a demonstrable relation to true cash value that we require its consideration." *Id.* at 456, fn 6. (Emphasis added.)

In *CAF v Saginaw,* this Court did nothing more than apply the "law of the case" doctrine and impose the aforementioned requirement *in that case.*

In the case at bar, petitioner's property is not subject to an unfavorable long-term lease. The apartments were rented for an initial lease of one year and thereafter on a month-to-month basis. The property was not so encumbered by those leases that a potential purchaser could not alter the rental structure if market conditions warranted. In this case, therefore, utilization of an adjusted rental figure in the capitalization of income process may have resulted in a more accurate determination of the "usual selling price"[2] of the property.

Thus, although the Tribunal was required to consider actual rental[3] in determining true cash value, it was not precluded from making appropriate adjustments where, in its judgment, market rental in comparable properties or other relevant

---

[2] MCLA 211.27; MSA 7.27.

[3] MCLA 211.27; MSA 7.27 requires that in determining value the assessor *shall consider* the "present economic income" of structures. In *CAF Investment Co v State Tax Commission, supra,* at 454, the Court concluded "that 'economic income' as used in MCLA 211.27; MSA 7.27 means actual income".

considerations made the capitalization of an adjusted income figure a more reliable indicator of true cash value. *CAF Investment Co, supra,* at 455, fn 4.

Petitioner's second contention is that the Tribunal violated MCLA 211.27; MSA 7.27 by failing to adjust the valuation to reflect the disadvantages of the property's location. We disagree.

The statute only requires *consideration* of the property's location. The Tribunal's opinion indicates that it did consider location but no adjustment was made because the Tribunal found that any disadvantages of location were balanced by other variables that contributed to the value of the subject property.

Petitioner's final argument is that the market rental relied upon by the Tribunal was based upon the rent per square foot of complexes comprised of smaller apartment units. Demonstrating a statistical inverse correlation between area per unit and average rent per square foot, petitioner argues that the market rental figure was artificially high because it was not based on apartment complexes with comparably sized units.

In its opinion the Tribunal acknowledged this argument and reduced the respondent's gross income figure, which was based on market rental, by $220,000 per year. Although the Tribunal did not explain the reasoning underlying the adjustments it made in respondent's valuation of petitioner's property, it is apparent from the opinion that petitioner's arguments were considered by the Tribunal and compensations were made for the disparities noted in those arguments.

Affirmed. No costs, a public question being involved.