WOLVERINE TOWER ASSOCIATES v CITY OF ANN ARBOR

Docket Nos. 43601, 43602, 43603, 43604. Submitted February 5, 1980, at Lansing.—Decided April 7, 1980.

Wolverine Tower Associates (WTA) is the owner of a multi-tenant commercial building located in the City of Ann Arbor. In 1975, WTA petitioned the Tax Tribunal for a change of assessment and later amended its petition to include the years 1976-1978. The Tribunal consolidated the petitions for hearing, used a combination of approaches, namely, value, cost and capitalization of adjusted income, to determine true cash value and made a finding. From that finding, WTA appeals. *Held:*

Use by the Tax Tribunal of the actual cash value, reproduction cost and capitalization of income methods of determining true cash value of an income producing multi-tenant office building for tax assessment purposes is proper, as all are recognized approaches to determining true cash value. The Tax Tribunal did not err as a matter of law in determining that, in using the capitalization of income approach to determine actual cash value for taxation purposes, actual income may be adjusted in light of market rentals in comparable properties.

Affirmed.

1. TAXATION — ASSESSMENT — TRUE CASH VALUE — DETERMINATION OF TRUE CASH VALUE — METHODS.

Use by the Tax Tribunal of the actual cash value, reproduction cost and capitalization of income methods of determining true cash value of an income producing multi-tenant office building for tax assessment purposes is proper, as all are recognized approaches to determining true cash value.

2. TAXATION — ASSESSMENT — DETERMINATION OF ACTUAL CASH VALUE — CAPITALIZATION OF INCOME METHOD — ADJUSTMENT OF ACTUAL INCOME.

The Tax Tribunal did not err as a matter of law in determining

REFERENCES FOR POINTS IN HEADNOTES

[1] 72 Am Jur 2d, State and Local Taxation §§ 753-755, 759, 761, 762, 765, 766.

[2] 72 Am Jur 2d, State and Local Taxation §§ 760-762.
Income or rental value as factor in evaluation of real property for purposes of taxation. 96 ALR2d 666.

[3] 2 Am Jur 2d, Administrative Law § 657 *et seq.*

that, in using the capitalization of income approach to determine actual cash value for taxation purposes, actual income may be adjusted in light of market rentals in comparable properties.

3. Taxation — Appeal — Tax Tribunal — Findings of Fact.
   A reviewing court is bound by the factual determinations of the Tax Tribunal.

*Fred Gordon,* for plaintiff.

*R. Bruce Laidlaw,* City Attorney, for defendant.

Before: Cynar, P.J., and V. J. Brennan and M. F. Cavanagh, JJ.

Per Curiam. Wolverine Tower Associates (WTA) appeals a decision of the Michigan Tax Tribunal upholding the city's assessments of property owned by WTA for the tax years 1975 through 1978.

WTA first contends that the Tax Tribunal erred in affirming the assessments solely on the basis of WTA's failure to meet its burden of proof. We disagree. We fail to find any abdication by the Tax Tribunal of its duty to make an independent finding regarding the true cash value of WTA's property. To the contrary, the Tax Tribunal's opinion indicates a careful review of all evidence presented in reaching its conclusion with respect to true cash value, in accord with its obligation to do so.

Next, WTA assigns as reversible error the Tax Tribunal's utilization of a combination of three customary approaches in establishing the true cash value of WTA's commercial multi-tenant office building, instead of relying exclusively on the income approach to valuation. We reject this argument.

The three tests used by the Tax Tribunal, market value, cost, and capitalization of income, are

all recognized approaches for determining the true cash value of property for tax assessing purposes. *Consumers Power Co v Big Prairie Twp,* 81 Mich App 120, 130; 265 NW2d 182 (1978), *lv den* 403 Mich 848 (1978). WTA's reliance on *CAF Investment Co v State Tax Comm,* 392 Mich 442; 221 NW2d 588 (1974), is misplaced. That case does not hold that the only method permissible in calculating the true cash value of an income producing multi-tenant office is capitalizing the property's actual income stream. Instead, it expressly indicates that other methods may, and indeed, should be used in situations where employing the income capitalization approach would be too speculative to be a reliable indicium of valuation. *Id.,* 450, 456. The emphasis is instead on the reliability and accuracy of the methods used. *Safran Printing Co v Detroit,* 88 Mich App 376; 276 NW2d 602 (1979). In addition, this Court has held that *actual* income is not the only basis for calculating true cash value, even under the capitalization of income approach. *Ramblewood Associates v City of Wyoming,* 82 Mich App 342, 345-347; 266 NW2d 817 (1978). Therefore, we find WTA's argument lacking in merit.

The Tax Tribunal's ruling that actual income appropriately adjusted in light of market rentals in nine comparable properties was a more reliable indication of true cash value than actual income alone is clearly proper under the above-cited authorities and not error as a matter of law.

We finally find no error in the Tax Tribunal's determination of the applicable capitalization rate and its holding that the assessment of WTA's property was uniform with a neighboring office building. The former determination was a question of fact and we are bound by the Tax Tribunal's

determination thereof. *Consolidated Aluminum Corp, Inc v Richmond Twp,* 88 Mich App 229, 231-232; 276 NW2d 566 (1979). Moreover, the Tax Tribunal's conclusion is supported by substantial record evidence.

As to the finding of uniformity, no fraud is alleged, nor do we find any error of law in this respect, or adoption of any wrong principles. As we see this to be a factual finding, we are bound by the Tax Tribunal's conclusion. Even assuming it was a legal question or a mixed question of law and fact, there is again substantial evidence in the record to buttress this conclusion.

We find no error necessitating reversal and, therefore, affirm.

Affirmed. No costs, a public question.